OPINION
This timely appeal arises from the trial court's judgment adopting a magistrate's decision to issue a civil protection order. The order issued upon finding that Appellant, Jerry Wirtz, committed an act of domestic violence against Appellee, Debbie Wirtz. For the following reasons, we affirm the judgment of the trial court.
On December 8, 1998, Appellee filed a petition for a domestic violence civil protection order in the Mahoning Count Court of Common Pleas Domestic Relations Division. The petition alleged that Appellant, her estranged husband, attempted to hit her with his van on December 6, 1998. The court granted an ex parte
protection order on the same day.
A full hearing on the petition was held before a magistrate on December 22, 1998. Appellee testified as to the events of December 6, 1988, and was cross-examined by Appellant's counsel. At the close of Appellee's case, Appellant orally moved the court for a continuance pending the resolution of criminal domestic violence charges against him arising from the same occurrence. Appellant argued that his testimony at the hearing could be used against him at the later criminal trial and that he was compelled to choose between protecting his privilege against self-incrimination at the later criminal trial and protecting his parental rights and property interests at the domestic relations hearing. Appellant asserted that his right to assert his constitutional rights in a subsequent criminal case were sufficient reason for a continuance of the magistrate's hearing. Appellant did not object to a temporary order remaining in effect during a continuance, but opposed a finding of domestic violence by the trial court.
The magistrate denied Appellant's motion, stating that a delay for the reasons proffered by Appellant would be unreasonable, as his criminal matter could proceed for several months. In light of that decision, Appellant chose not to testify at the hearing. By a judgment entry filed December 23, 1998, the magistrate determined that Appellant attempted to strike Appellee with his vehicle and entered a civil protection order which enjoined Appellant from having contact with Appellee and denied him access to the marital home. Appellant filed objections to the magistrate's decision on December 31, 1998, arguing again that his privilege against self incrimination had been impinged by the trial court "forcing" litigation of the civil protection order prior to resolution of the criminal charges.
By a judgment entry filed on March 2, 1999, the trial court adopted the magistrate's decision, stating that Appellant was not compelled to testify at the hearing but that he chose not to testify. The trial court stated that there was no requirement that Appellant testify at the hearing, only that he have the opportunity to do so. The court further stressed that a finding of domestic violence can be based on a petitioner's testimony alone as long as the petition proves by a preponderance of evidence that the petitioner was in danger of domestic violence.
Appellant filed his notice of appeal on March 9, 1999. His sole assignment of error alleges:
 "THE TRIAL COURT'S FINDING THAT THE APPELLANT ENGAGED IN DOMESTIC VIOLENCE WAS A DIRECT VIOLATION OF APPELLANT'S FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION WHICH PROTECTS ANY DISCLOSURE WHICH THE WITNESS MAY REASONABLY APPREHEND COULD BE USED IN THE PENDING CRIMINAL PROSECUTION OR WHICH COULD LEAD TO OTHER EVIDENCE THAT MIGHT BE SO USED."
Appellant argues that the privilege against self incrimination can be claimed at any proceeding, whether it is criminal, civil, administrative or adjudicatory, as long as a witness reasonably understands that a disclosure could be used against him in a subsequent criminal proceeding. In Re Gault (1967),387 U.S. 1, 47-48. According to Appellant, the privilege is self executing and need not be raised where, "the individual is deprived of his `free choice to admit, to deny or refuse to answer.'" Mace v. Amestoy (Dist. Vt. 1991) 765 F. Supp. 847,850 quoting Garner v. United States (1976) 424 U.S. 648. Appellant claims that if the state either expressly or implicitly imposes a penalty for the exercise of the privilege, the failure to assert the privilege is excused. Mace v. Amestoy citingMinnesota v. Murphy (1984), 465 U.S. 420, 435.
It is Appellant's position that the magistrate's failure to grant a continuance of the civil hearing so that Appellant could allegedly assert his Fifth Amendment privilege in the later criminal proceeding constituted a penalty for that assertion. Appellant points out that R.C. § 3113.31(D)(2)(a)(1)(iv) permits a court to continue a domestic violence proceeding for "other good cause." Appellant charges that the trial court erred in not finding that his intended assertion of his Fifth Amendment privilege was sufficient "good cause" to continue the proceedings.
While Appellant's argument in this regard is certainly understandable, we are forced to conclude that his assignment of error has no merit, based on the record here. Appellant essentially asserts that the trial court abused its discretion in failing to grant a continuance of the domestic violence hearing so that Appellant may assert his Fifth Amendment privilege in the subsequent criminal proceeding. We have recently reaffirmed that when reviewing an appeal of a trial court's judgment adopting a magistrate's decision, we must determine whether the trial court abused its discretion. McCon v. Martini (Nov. 10, 1999), Mahoning App. No. 97 CA 152, unreported *2. It is within the trial court's discretion to grant or deny a motion for continuance. Conkle v.Wolfe (1998), 131 Ohio App.3d 375, 384 citing Midland Steel Prods.Co. v. U.A.W. Local 486 (1991), 61 Ohio St.3d 121, 130-131. A reviewing court will not disturb the trial court's decision absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217.
Appellant was certainly entitled to raise the issue of his Fifth Amendment privilege at the magistrate's hearing in anticipation of the pending criminal proceedings. In Re Gault,supra. However, the Ohio Supreme Court has determined that, "* * * the Fifth Amendment protection against compulsory self-incriminating testimony does not extend to prohibit civil litigation while the possibility of criminal prosecution exists."State ex rel. Verhovec v. Mascio (1998) 81 Ohio St.3d 334, 336
citing Tedeschi v. Grover (1988), 39 Ohio App.3d 109, 111. InVerhovec, the defendant pleaded no contest to felony charges stemming from an alcohol related auto accident. He then appealed his conviction and sentence. While the appeal was pending, the trial court stayed the civil proceedings arising out of the accident, essentially allowing the defendant to assert his Fifth Amendment privilege during the civil proceedings in contemplation of the appellate court's remand of his criminal case. The plaintiffs sought a writ of procedendo from the Ohio Supreme Court arguing that the trial court abused its discretion by staying the civil proceedings so that the defendant could assert his Fifth Amendment privileges. The Court commented that, "[w]hile the umbrella of Fifth Amendment guarantees is broad, the prohibition against compulsory testimony does not relieve a party from appearing or answering questions in a civil action." State exrel. Verhovec v. Mascio, 336 quoting Tedeschi v. Grover, 111. The court further stated that, "* * * a stay or continuance of a civil trial is not required pending an appeal from a conviction and sentence in a criminal case merely because the possibility exists that the criminal case could be reversed and remanded for trial."State ex rel. Verhovec v. Mascio, 336 citing Barr v. IntermarkInternatl., Inc. (Aug. 28, 1992), Greene App. Nos. 91-CA-16 and 91-CA-20, unreported. The Supreme Court concluded that the trial court abused its discretion in staying the civil case pending the resolution of the criminal appeal, stating, "[i]f we were to hold otherwise, convicted criminal defendants could unreasonably delay civil trials by appeals of their convictions." State ex rel.Verhovec v. Mascio, 336.
In the matter at bar, the magistrate clearly indicated his concern that granting Appellant's motion for a continuance would result in unreasonable delay. (Tr. p. 41). We cannot disagree with this reasoning. Granting Appellant's motion for continuance could set the matter on a course of delay lasting throughout the criminal and appellate processes. While we cannot speculate as to Appellant's probable course of action, it is conceivable that Appellant, or another in his position, might waive speedy trial time in the criminal action and proceed with appeals through the Supreme Court, while the resolution of the civil protection order would be left lingering. Although Appellant indicated at the hearing that he would agree to the temporary protection order remaining in effect during the continuance, that is merely one matter for the court to consider in exercising its discretion to grant or deny a continuance. Another major matter for a trial court to consider is the length of the continuance and whether that would be reasonable. The statute relevant to the present proceedings clearly contemplates limited durations for civil protection orders, with a maximum term of five years. R.C. § 3113.31(E)(3)(a). Permitting Appellant to delay a full hearing could well tread upon the limitations imposed by statute. Appellant could conceivably suspend a hearing and finding of domestic violence until the expiration of the time permitted for the duration of the ex parte order.
Further, Appellant's reliance on Mace v. Amestoy (Dist. Vt. 1991) 765 F. Supp. 847, is misplaced. Appellants suffers no more of a penalty in choosing not to testify in his domestic violence hearing than he faces in choosing not to testify in his criminal proceeding. In order to find that Appellant has committed an act of domestic violence, the complainant must show by a preponderance of the evidence that she is entitled to a protective order. Thus, the burden on the complainant is basically the same as that carried by the state in a criminal trial and Appellant, in deciding whether or not to testify at either proceeding, faces no greater danger if he does not testify at the domestic violence hearing than he faces in making that same determination at his criminal trial. He is not, as he argues, penalized for failing to testify at the domestic violence hearing, ether explicitly or implicitly.
For all the foregoing reasons, we hold that the trial court did not abuse its discretion in adopting the Magistrate's decision to deny Appellant's motion for continuance. Thus, we affirm the trial court's finding of domestic violence and issuance of the civil protection order.
COX, P.J., VUKOVICH, J., concurs.