OPINION *Page 2 
{¶ 1} Appellant Amelia Digiantonio appeals a judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, which sustained the motion of appellee John D. Turnmire and ordered appellant's deposition to be reconvened. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT BELOW ERRED IN AFFIRMATIVELY ORDERING APPELLANT TO ANSWER, IN CONTRAVENTION OF HER FIFTH AMENDMENT RIGHTS, CERTAIN PROSPECTIVE DEPOSITION QUESTIONS REGARDING `HER CHARACTER AND ANY PAST INDISCRETIONS.'
 {¶ 3} "II. THE TRIAL COURT BELOW ERRED IN GRANTING APPELLEE'S JULY 12, 2007 MOTION TO COMPEL THE RECONVENING OF APPELLANT'S DEPOSITION WITHOUT FIRST AFFORDING APPELLANT A DUE PROCESS OPPORTUNITY TO RESPOND TO THAT MOTION.
 {¶ 4} "THE TRIAL COURT BELOW ERRED IN ACCEPTING AND UTILIZING A PROPOSED JUDGMENT ENTRY SUBMITTED TO IT EX PARTE BY APPELLEE'S COUNSEL."
 {¶ 5} The record indicates appellant is the natural mother of Dylan Turnmire, a minor child. On March 22, 2007, appellant filed an application to change the child's name pursuant to R.C. 2717.01. Appellee, the natural father of the child, filed an objection. On June 27, 2007, appellee took appellant's deposition. During the deposition, appellee's counsel asked several questions, which appellant's counsel instructed her not to answer. *Page 3 
 {¶ 6} At her deposition, appellee's counsel asked whether appellant's mother, sister, or father had ever broken the law. Appellant answered each of those questions without objection. Then appellee's counsel asked appellant if she had ever smoked marijuana. Appellant's counsel objected, and stated "she is not going to answer any questions like that * * * I'm instructing her not to answer." Tr. Pgs. 6-7. Later in the deposition, appellee's counsel asked appellant whether she had ever broken the law before she was 21. Appellant's counsel objected again, stating "she is not going to answer any stupid question like that." Tr. at 30-31.
 {¶ 7} On July 12, 2007, the court ordered appellant's deposition be reconvened to have her answer questions regarding her character and past indiscretions, as well as those of her family members. The court found appellant had put the character and past indiscretions of appellee and his family at issue. The court stated appellant's testimony would be subject to the discretion of the court as to its relevance and materiality to this case.
 {¶ 8} Before addressing the merits of the case, this court must determine whether we have jurisdiction. Section 3(B)(2), Article IV of the Ohio Constitution limits our appellate jurisdiction to the review of final judgments of lower courts. If an order is not final and appealable, this court lacks jurisdiction and must dismiss the appeal. If the parties do not raise the jurisdictional issue, we are required to raise it sua sponte, Davison v. Rini (1996), 115 Ohio App.3d 688, 692,686 N.E.2d 278.
 {¶ 9} R.C. 2505.02 states, in relevant part:
 {¶ 10} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: *Page 4 
 {¶ 11} * * *
 {¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.* * *"
 {¶ 15} Generally, discovery orders are interlocutory and, as such, are neither final nor appealable, see Gibson-Myers Associates, Inc. v.Pearce (Oct. 27, 1999), 9th Dist. No. 19358. However, R.C. 2505.02(A)(3) defines a `provisional remedy' as a remedy sought in a `proceeding ancillary to an action' and specifically includes in its nonexclusive list of examples a remedy sought in `a proceeding for * * * [the] discovery of [a] privileged matter.'
 {¶ 16} Appellant cites us to three cases in support of her assertion this judgment is a final appealable order. Those cases are Foor v.Huntington National Bank (1986), 27 Ohio App. 3d 76; FutureCommunications, Inc. v. Hightower, Franklin App. No. 01AP1175, 2002-Ohio-2245; and Lambda Research v. Jacobs, 170 Ohio App. 3d 7502007-Ohio-309, 869 N.E. 2d 39. We find these cases clearly distinguishable because they all dealt with subpoenas duces tecum issued against non-parties. The rationale for finding the judgments were final and appealable is that a non-party lacks a "meaningful or effective remedy" afforded to persons who are parties to the action. *Page 5 
 {¶ 17} However, the constitutional protection afforded by the Fifth Amendment applies both to the accused in criminal proceedings, and all witnesses in criminal and civil proceedings, see, e.g., Lefkowitz v.Turley (1973), 414 U.S. 70, 77, 94 S. Ct. 316, 322, 38 L. Ed. 2d 274. The Fifth Amendment permits a person to refuse to answer questions in any proceeding, civil or criminal, if the answers might incriminate the person in future criminal proceedings, Minnesota v. Murphy (1984),465 U.S. 420, 426, 104 S. Ct. 1136, 1141, 79 L. Ed. 2d 409, 418.
 {¶ 18} We find if the court has ordered appellant to answer questions in violation of her right not to incriminate herself in future criminal proceedings, the order is final pursuant to R.C. 2505.02 (B)(4) and we have jurisdiction to review it.
 {¶ 19} In State ex rel. Verhovec v. Mascio, 81 Ohio St. 3d 334,1998-Ohio-431, 691 N.E. 2d 282, the Ohio Supreme Court reviewed a case wherein Eric Dye caused a car accident resulting in serious personal injuries to the plaintiffs. Dye pled no contest to three felony counts of aggravated vehicular assault. The plaintiffs filed a civil lawsuit for compensatory and punitive damages, and the trial court stayed the civil action while Dye's criminal case was on appeal. The Supreme Court found the stay in the civil case was unwarranted, because, while in the civil case Dye was not required to answer any questions that might incriminate him in future criminal proceedings, the Fifth Amendment is not so broad as to prohibit all civil litigation while the criminal proceedings are pending, Verhovec at 336. The Verhovec court cited with approval the case of Tedeschi v. Grover (1988), 39 Ohio App. 3d 109,529, N.E. 2d 480. In Tedeschi, the Court of Appeals for Franklin County found, inter alia, the Fifth Amendment protection against compulsory self-incrimination extends to answers given *Page 6 
in response to specific questions propounded in the course of civil discovery, but a party cannot make a general assertion of the privilege as a ground for avoiding a civil action altogether.
 {¶ 20} Turning to the deposition, we find appellant did not specifically invoke her Fifth Amendment privilege at any point in the questioning. Further, the questions "have you ever smoked marijuana" or "have you ever broken the law when you before age 21" are so broad that an affirmative answer would not necessarily potentially subject appellant to future criminal proceedings. It is quite possible appellant's answer might admit to an infraction for which she could no longer be prosecuted. When the deposition reconvenes, however, a more specific question could run afoul of appellant's Fifth Amendment rights. At that point, she can assert the privilege as to the specific question.
 {¶ 21} We find the judgment entry appealed from does not violate appellant's Fifth Amendment privilege, and is not a final appealable order. The appeal is dismissed for lack of jurisdiction.
 By Gwin, P.J. Farmer, J., and Wise, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to appellant. *Page 1