TEDESCHI, APPELLEE, *v.* GROVER, APPELLANT.

(No. 87AP-353 — Decided January 26, 1988.)

*John A. Yaklevich* and *Gale R. King III,* for appellee.

*Sam B. Weiner* and *David Graeff,* for appellant.

STRAUSBAUGH, P.J. This is an appeal by defendant from a judgment of the court of common pleas in favor of plaintiff for the sum of $120,000 plus accrued interest on various loans. At

issue is the refusal of the trial court to grant defendant's pretrial motion for a continuance.

Plaintiff, Tony R. Tedeschi, commenced this action in July 1985 alleging, in five separate counts, that he loaned various sums of money to his brother-in-law, defendant Charles L. Grover. Plaintiff averred that the money, which totaled $120,000, was due and owing on various dates in 1985, but had not been repaid. Apparently, plaintiff gave the money to defendant due to plaintiff's marital problems. The money was to be held by defendant until plaintiff's domestic problems were resolved. This financial obligation of defendant to plaintiff was evidenced by five different exhibits.

Defendant, in September 1986, moved to stay the proceedings, which motion was overruled. The court ordered defendant to answer three written interrogatories. Defendant complied and admitted that he signed the receipts attached to plaintiff's complaint. Defendant, immediately prior to commencement of the trial on March 17, 1987, orally moved the court for a continuance, citing in support of that request that defendant was currently under investigation by a federal grand jury for various infractions of the United States Code. At the grand jury proceedings, defendant invoked his Fifth Amendment rights and did not testify. Defendant reasoned that since his defense in the instant cause involved some of the same matters for which he was under investigation by the federal grand jury, the potential for incrimination prevented him from defending in the suit at bar.

The court overruled defendant's motion and the action was tried to the court. Plaintiff proceeded to present his case and was the sole witness at the brief trial. Defendant presented no evidence and the court entered judgment in favor of plaintiff for the sum of $120,000.

On appeal, defendant presents one assignment of error for review:

"The trial court commits prejudicial error in refusing to grant a pretrial stay of proceedings in a civil case when the following occurs: the party in question demonstrates to the trial court that he is under federal investigation for possible criminal violations related to the case. This status thus precludes him from testifying in his own behalf, thereby violating his Fifth and Sixth Amendment rights regarding self-incrimination and fair trial."

Defendant asserts, by way of his sole assignment of error, that courts have the inherent discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when justice so demands. Where it is possible for the court to accommodate the legitimate interests of the parties, witnesses and the public, defendant maintains that protective orders are appropriate to achieve those interests. Defendant argues that the interests at stake here are those of the public to have all the facts presented to the court and defendant's interest in remaining silent as secured by the Fifth Amendment to the United States Constitution. As such, defendant asserts that his Fifth Amendment right is paramount.

Essentially, defendant's argument proceeds on the idea that the Fifth Amendment prohibition against compulsory self-incriminating testimony extends to prohibit civil litigation while the possibility of criminal prosecution exists. We disagree.

It is well-recognized that the constitutional protection afforded by the Fifth Amendment applies both to the accused in criminal proceedings and to witnesses in criminal and civil proceedings. *Lefkowitz* v. *Turley* (1973), 414 U.S. 70, 77; *Shrader* v. *Equitable Life Assur. Soc.* (1983), 10 Ohio App. 3d 277, 10 OBR 392, 461 N.E. 2d 1339.

In the context of criminal proceedings, the Fifth Amendment privilege secures to the accused the right not to testify. *Id.; Minnesota* v. *Murphy* (1984), 465 U.S. 420, 426. Similarly, in civil proceedings the amendment prohibits the state from compelling a witness to testify as to matters which may tend to incriminate in subsequent proceedings. *McCarthy* v. *Arndstein* (1924), 266 U.S. 34. Compulsion, in this sense, arises whenever some penalty, be it imprisonment or economic coercion, is imposed for failing to offer testimony. *Turley, supra,* at 77-84; *Lefkowitz* v. *Cunningham* (1977), 431 U.S. 801, 804-808.

Thus, the Fifth Amendment privilege is composed of three elements as it applies to civil proceedings. First, the privilege is that of a witness. Second, the Fifth Amendment protects testimony. Finally, the privilege protects against official compulsion.

Here, defendant's argument fails on all three elements. Clearly, defendant does not interpose his Fifth Amendment claim in response to specific questions proffered by plaintiff. Rather, defendant generally asserts the privilege as a ground for continuing the trial until the completion of the federal investigation and any subsequent criminal prosecution. While the umbrella of Fifth Amendment guarantees is broad, the prohibition against compulsory testimony does not relieve a party from appearing or answering questions in a civil action. See *Murphy, supra,* at 427.

*United States* v. *Kordel* (1970), 397 U.S. 1, upon which defendant relies, does not require any different result. In *Kordel,* the issue before the court was whether a defendant in that case had been compelled to answer certain interrogatories propounded by the federal government which were subsequently used to secure his conviction. Although the court suggested that, had defendant shown a real and ap-

preciable risk of self-incrimination, an appropriate remedy might be a stay of civil discovery until the completion of the criminal action, it must be emphasized that this remedy was suggested only in the context of the interrogatories. As such, there is no question but that Fifth Amendment protection extends to answers given in response to specific questions propounded in the course of discovery. This merely underscores the testimonial nature of the privilege. *Kordel* does not imply that the Fifth Amendment relieves a party from appearing or defending in the action. Accordingly, defendant may not interpose whatever Fifth Amendment privilege he may enjoy as a witness to obtain a continuation of the litigation. Cf. *Clark* v. *Lutcher* (M.D. Pa. 1977), 77 F.R.D. 415, 417-418. Here, defendant was free to assert the privilege and refuse to testify.

Similarly, the protection afforded by the Fifth Amendment extends solely to testimonial evidence. *Schmerber* v. *California* (1966), 384 U.S. 757. The privilege is not implicated until the witness is required to produce evidence of a testimonial or communicative nature. As we have noted previously, merely because defendant *felt* required to appear and defend does not, of itself, violate any Fifth Amendment guarantee.

Finally, we are unable to ascertain how defendant was compelled by the state to forego his privilege. There is no evidence in the record which indicates that the state has imposed a penalty on defendant for refusing to testify at trial. Contrary to defendant's claims, merely because a civil defendant may lose a suit which involves a substantial monetary stake does not, *ipso facto,* raise a claim of compulsion by the state. While a different rule obtains in criminal proceedings, a civil litigant is under no compulsion by the state to testify merely because a jury

may make adverse inferences from his silence. Cf. *Baxter* v. *Palmigiano* (1976), 425 U.S. 308, 316-320, with *Cunningham, supra,* at 807-808. But, see, 5 Wright & Miller, Federal Practice and Procedure: Civil (1969) 357-361, Section 1280.

Based on the foregoing, defendant's assignment of error is overruled. The trial court did not abuse its discretion in refusing to grant a continuance based on defendant's claim of Fifth Amendment privilege.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.