**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 334.]**

THE STATE EX REL. VERHOVEC ET AL. *v*. MASCIO, JUDGE.

[Cite as *State ex rel. Verhovec v. Mascio*, 1998-Ohio-431.]

*Writ of procedendo to compel common pleas judge to reactivate a civil case that was stayed pending resolution of defendant's criminal appeal and to schedule the case for trial on the merits as soon as reasonably possible— Writ granted, when.*

(No. 97-2446—Submitted January 20, 1998—Decided April 1, 1998.)

IN PROCEDENDO.

_____

{¶ 1} According to relators, Joseph, Phyllis, Edward, and Dorothy Verhovec, in March 1996, Eric Dye caused a severe car accident that resulted in serious personal injury to the Verhovecs. A Jefferson County Grand Jury indicted Dye on ten felony counts of aggravated vehicular assault. In the criminal case arising from the indictment, Dye filed a motion to suppress the result of his breathalyzer test, which had been administered after the accident. After the common pleas court overruled Dye's motion, he changed his plea to no contest and was found guilty and sentenced on three felony counts. In January 1997, Dye appealed his conviction and sentence in the common pleas court to the court of appeals. That appeal remains pending.

{¶ 2} In May 1996, the Verhovecs filed a civil lawsuit in the Jefferson County Court of Common Pleas against Dye for compensatory and punitive damages. Respondent, Jefferson County Common Pleas Court Judge John J. Mascio, canceled a discovery deposition of Dye after Dye's attorney in his criminal appeal objected. Dye's counsel feared that the scheduled deposition in the civil case would disclose potential witnesses who could be called to testify against Dye

if his criminal appeal succeeded and that his Fifth Amendment right against self-incrimination would be compromised.

{¶ 3} In February 1997, Judge Mascio issued the following entry:

"Defendant having been convicted of criminal offenses and sentenced for said convictions, which sentence has resulted in his incarceration, has appealed said conviction to the Seventh District Court of Appeals. Because of the appeal and the fear of incarceration, Defendant's criminal lawyer refuses to permit the Defendant to testify in these proceedings.

"IT IS THEREFORE ORDERED that this case is stayed until such time as the Defendant waives his privilege to not testify against himself or his appeal is terminated. However, during the interim Counsel shall undertake any discovery possible of other witnesses in order to enable the Court to schedule this case at the earliest possible time once this stay order is lifted."

{¶ 4} Judge Mascio subsequently overruled the Verhovecs' motion to compel Dye to answer interrogatories and submit to a deposition and also overruled their motion for reconsideration of the stay order. Judge Mascio reasoned that whether Dye could be required to respond to discovery in the civil case depended on his criminal appeal.

{¶ 5} In September 1997, the Verhovecs filed a motion to lift the previously imposed stay and to schedule the civil case for trial because they had decided to forgo any discovery from Dye and agreed not to call him as a witness at the civil trial. Judge Mascio subsequently overruled the motion.

{¶ 6} The Verhovecs then filed this action for a writ of procedendo to compel Judge Mascio to reactivate the civil case and schedule it for trial as soon as reasonably possible. Judge Mascio filed an answer denying the Verhovecs' entitlement to extraordinary relief in procedendo. Judge Mascio asserted that even if the Verhovecs requested no discovery and agreed not to call Dye at trial, the pending criminal case would preclude Dye from testifying in his own defense in

the civil case for fear of jeopardizing his criminal case should his conviction and sentence be reversed on appeal.

{¶ 7} The cause is now before the court for our determination under S.Ct.Prac.R. X(5).

_____

*The Okey Law Firm, L.P.A.,* and *Scott A. Washam*, for relators.
*John J. Mascio, pro se*.

_____

**Per Curiam.**

{¶ 8} S.Ct.Prac.R. X(5) provides that in original actions other than habeas corpus filed in this court, "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been issued."  If the pertinent facts are uncontroverted and from these facts it appears beyond doubt that relators are entitled to the requested extraordinary relief, a peremptory writ will issue.  See, *e.g., State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 583, 669 N.E.2d 835, 839.

{¶ 9} The Verhovecs claim entitlement to a writ of procedendo.  A writ of procedendo is appropriate if a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.  *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24, 26.  Thus, a writ of procedendo will issue requiring a judge to proceed to final judgment if the judge erroneously stayed a proceeding because of another pending case.  See *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 184, 652 N.E.2d 742, 745; *State ex rel. Davey v. Owen* (1937), 133 Ohio St. 96, 105-106, 10 O.O. 102, 106, 12 N.E.2d 144, 149.  The determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion.  *State ex rel. Wallace v. Tyack* (1984), 13 Ohio

St.3d 4, 5-6, 13 OBR 379, 380, 469 N.E.2d 844, 846. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision. *State ex rel. Askew v. Goldhart* (1996), 75 Ohio St.3d 608, 610, 665 N.E.2d 200, 202.

{¶ 10} The Verhovecs assert that Judge Mascio abused his discretion by staying their civil case against Dye based on Dye's Fifth Amendment privilege against self-incrimination. The Fifth Amendment permits a person not to answer questions in any proceeding, civil or criminal, if the answers might incriminate that person in future criminal proceedings. *Minnesota v. Murphy* (1984), 465 U.S. 420, 426, 104 S.Ct. 1136, 1141, 79 L.Ed.2d 409, 418.

{¶ 11} Nevertheless, the Fifth Amendment protection against compulsory self-incriminating testimony does not extend to prohibit civil litigation while the possibility of criminal prosecution exists. *Tedeschi v. Grover* (1988), 39 Ohio App.3d 109, 111, 529 N.E.2d 480, 482; see, also, *Commonwealth Land Title Ins. Co. v. Davis* (Sept. 22, 1992), Franklin App. Nos. 91AP-1239 and 91AP-1240, unreported, 1992 WL 238897, and *Hauck v. Yockey* (Sept. 1, 1988), Franklin App. No. 87AP-795, unreported, 1988 WL 92437, following *Tedeschi*. "While the umbrella of Fifth Amendment guarantees is broad, the prohibition against compulsory testimony does not relieve a party from appearing or answering questions in a civil action." *Tedeschi*, 39 Ohio App.3d at 111, 529 N.E.2d at 482; see, also, *Murphy*, 465 U.S. at 427, 104 S.Ct. at 1142, 79 L.Ed.2d at 479 ("[T]he general obligation to appear and answer questions truthfully did not in itself convert Murphy's otherwise voluntary statements into compelled ones.").

{¶ 12} Similarly, a stay or continuance of a civil trial is not required pending an appeal from a conviction and sentence in a criminal case merely because the possibility exists that the criminal case could be reversed and remanded for trial. See *Barr v. Intermark Internatl., Inc.* (Aug. 28, 1992), Greene App. Nos. 91-CA-16 and 91-CA-20, unreported, 1992 WL 206779, citing *Tedeschi* with approval. We find that Judge Mascio abused his discretion in staying the civil case pending

4

the resolution of Dye's criminal appeal based on this possibility. If we were to hold otherwise, convicted criminal defendants could unreasonably delay civil trials by appeals of their convictions.

**{¶ 13}** Finally, the stay is not justified by Judge Mascio's concern that Dye's interest in not incriminating himself might preclude him from testifying in his own defense in the civil case. As the court of appeals held in *Tedeschi*, 39 Ohio App.3d at 111, 529 N.E.2d at 483, "merely because a civil defendant may lose a suit which involves a substantial monetary stake does not, *ipso facto*, raise a claim of compulsion by the state" and does not violate any Fifth Amendment guarantee. See, also, *Barr*. In other words, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them * * *." *Baxter v. Palmigiano* (1976), 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810, 821. See, also, 4 Rotunda and Nowak, Treatise on Constitutional Law (2 Ed.1992) 666, Section 23.23 ("[T]he protection against self-incrimination was not necessarily designed to protect witnesses from every prejudicial effect resulting from their own testimony; the protection was designed to limit the coercive power of government."); but, cf. 5 Wright & Miller, Federal Practice and Procedure (1990) 515-516, Section 1280.

**{¶ 14}** Based on the foregoing, Judge Mascio abused his discretion in staying the Verhovecs' civil case pending the resolution of Dye's criminal appeal. Because the pertinent facts are uncontroverted and it is beyond doubt that the Verhovecs are entitled to the requested extraordinary relief, we issue a peremptory writ of procedendo to compel Judge Mascio to reactivate the civil case and schedule it for trial on the merits as soon as reasonably possible.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————