This is an appeal from a judgment of the Erie County Court of Common Pleas which granted appellees' motion to stay a civil action filed against them by appellant pending determination of a bankruptcy matter. For the following reasons, this court affirms the judgment of the trial court.
Appellant Sandra K. Sorg sets forth the following assignments of error:
 "I. THE COURT ERRED IN GRANTING A STAY IN FAVOR OF MONTGOMERY WARD CREDIT CORP., MONOGRAM CREDIT CARD BANK OF GEORGIA, MONTGOMERY WARD LIFE INS. CO. AND FORUM INSURANCE CO.
 "II. THERE ARE NOT SUFFICIENT `UNUSUAL CIRCUMSTANCES' TO JUSTIFY STAYING THE CASE AGAINST ALL DEFENDANTS."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On March 20, 1980, decedent Norma Dohanos opened a revolving credit account at Montgomery Ward. Dohanos subsequently used the credit account for several purchases and when she died at the age of seventy-six in 1996, she left an unpaid balance of $1,053.19 on the account. While administering the estate following Dohanos' death, appellant discovered that the credit life insurance policy Dohanos had purchased when she opened the account at the age of sixty to provide coverage in the event of her death or disability during the term of the installment loan had become a credit-accidental death insurance policy when Dohanos turned sixty-six. Claims against the estate, which included the unpaid balance owed Montgomery Ward Credit Corp., exceeded the worth of the estate.
On January 17, 1997, appellant filed a complaint against Montgomery Ward Credit Corp. ("MW Credit") in which she alleged Dohanos had purchased credit insurance to cover the account in the event of her death or disability, that the premium for the insurance had been included in the monthly payments on the loan amount, and that MW Credit refused to honor the claim appellant made under the policy after Dohanos' death. On July 7, 1997, Montgomery Ward Holding Co. and its affiliate Montgomery Ward 
Co., Inc. ("MW Co.") filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. On February 8, 1998, appellant filed a first amended complaint to include as defendants, in addition to MW Credit, the insurers who sold Dohanos the policy and several other entities. The added defendants were MW Co.; Monogram Credit Card Bank of Georgia ("Monogram"); Montgomery Ward Life Ins. Co. ("MW Life"); Forum Ins. Co. ("Forum"), and Central National Ins. Co. of Omaha (subsequently dismissed by appellant).
On April 13, 1998, all five appellees filed in the trial court a "MOTION TO STAY A CIVIL ACTION" pending resolution of MW Co.'s bankruptcy matter. Appellees claimed that the allegations against MW Co. in appellant's first amended complaint are "intertwined and enjoined" with the allegations against each of the other appellees and that, accordingly, the civil action should be stayed as to all parties pending the resolution of MW Co.'s bankruptcy matter. On April 16, 1998, appellant filed a motion in opposition in which she claimed that defendants MW Credit, Monogram, MW Life and Forum were not entitled to have the action stayed as to them because they are solvent and have not sought relief from any bankruptcy court, as MW Co. has, and the automatic stay provisions of Section 362, Title 11, U.S. Code therefore do not apply to them. On July 23, 1998, the trial court summarily granted the motion for a stay as to all defendants.
Appellant's two assignments of error will be addressed together. In her first assignment of error, appellant asserts that the provision in Section 362, Title 11, U.S. Code for an automatic stay of civil proceedings against a debtor in bankruptcy does not operate to relieve solvent co-defendants such as MW Credit, Monogram, MW Life and Forum. Appellant argues that MW Co. is the only debtor defendant in this action and that proceedings against it may be severed to allow the action to proceed against the four solvent co-defendants. Appellant further argues in her second assignment of error that the "unusual circumstances" which appellees claim justify the stay do not exist because there is no indication that a judgment against the solvent co-defendants will have any effect on the estate of the bankrupt Montgomery Ward Co.
"The determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion."State ex rel. Verhovec v. Mascio (1998), 81 Ohio St.3d 334, 336. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
An examination of the record in this case reveals an identity of interest between all defendants, given the allegations in the complaint that MW Co. acted as an agent of its co-defendants at the time of the sale of the credit insurance policy at issue, and that MW Co. made representations on behalf of the co-defendants. To sever this case and ultimately conduct two trials on the same matter would be highly inefficient. Accordingly, we are unable to find that the trial court's decision was unreasonable, arbitrary or unconscionable and therefore an abuse of discretion, and appellant's first and second assignments of error are not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.___ _______________________________ JUDGE
Richard W. Knepper, J.____ _______________________________ JUDGE
Mark L. Pietrykowski, J.__ _______________________________ JUDGE CONCUR.