OPINION
{¶ 1} Appellant, Edward J. Urban, D.O., appeals from the March 20, 2003 decision and April 1, 2003 judgment entry of the Franklin County Court of Common Pleas affirming the State Medical Board of Ohio's ("medical board") December 12, 2001 order permanently revoking appellant's license to practice medicine and surgery in Ohio. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant obtained his medical degree in 1982 from the Chicago College of Osteopathic Medicine. Appellant is medical board certified in family and general practice. In 1983, appellant began practicing with another physician in Cortland, Ohio. Appellant's practice included delivering babies, pediatrics, geriatrics, sports medicine, pain management, and orthopedics. Appellant's facilities included an on-site laboratory and radiology unit.
 {¶ 3} Appellant was a solo practitioner for 17 years, but at times employed other physicians and hired temporary physicians when he went on vacation. Appellant also employed a licensed practical nurse ("LPN").
 {¶ 4} On September 3, 1999, appellant was indicted in the Franklin County Court of Common Pleas with two counts of tampering with evidence, based upon the alteration by appellant of subpoenaed patient medical records, and five counts of Medicaid fraud, based upon the false and misleading statements and representations made by appellant in billing Medicaid for services that were not medically necessary and for family planning services performed by an LPN.
 {¶ 5} In September 2000, appellant's case was tried before a jury. On January 25, 2001, appellant was found guilty of two felony counts of tampering with evidence and two felony counts and one misdemeanor count of Medicaid fraud. The trial court sentenced appellant to suspended sentences for the felony convictions of fraud, imposed a fine, community service, restitution, and costs. Appellant was sentenced to one year incarceration on each count of tampering with evidence, to run concurrently and also imposed a fine. Appellant timely appealed his conviction and this court, on March 28, 2002, affirmed the decision of the trial court. State v. Urban (Mar. 28, 2002), Franklin App. No. 01AP-239.
 {¶ 6} The medical board, in a letter dated February 14, 2001, notified appellant that it proposed taking disciplinary action against appellant's license to practice medicine based on the January 25, 2001 conviction. The medical board alleged that appellant's conduct underlying the finding of guilt constituted a violation of R.C. 4731.22(B)(5) and that the judicial finding of guilt violated R.C. 4731.22(B)(9) and/or 4731.22(B)(11).
 {¶ 7} On August 21, 2001, the matter was heard before a hearing examiner of the medical board. The hearing examiner thoroughly reviewed and considered all exhibits and transcripts of testimony from appellant's criminal trial. On December 12, 2001, the medical board issued an order permanently revoking appellant's certificate to practice osteopathic medicine and surgery in the state of Ohio for violating R.C. 4731.22(B)(5).
 {¶ 8} Appellant filed an administrative appeal in the Franklin County Court of Common Pleas. The trial court concluded that there was reliable, probative and substantial evidence to support the decision of the medical board and affirmed the order of the medical board permanently revoking appellant's license. It is from this entry that appellant appeals, assigning the following as error:
ASSIGNMENT OF ERROR NO. 1
The Court Below Erred In Affirming The Board's Order Revoking Appellant's License To Practice Medicine Because The Order Is Not Supported By Reliable, Probative And Substantial Evidence And Is Not In Accordance With Law, And Because The Court Gave The Board Deference To Which It Was Not Entitled.
ASSIGNMENT OF ERROR NO. 2
The Court Below Erred In Finding That The Board Did Not Err In Its Refusal To Permit Appellant To Introduce Mitigation Evidence Directed To Issues On Which The Board Wrongly Permitted The State To Introduce Substantive Evidence And Directed To Issues Which The Board Found Crucial In Its Report.
ASSIGNMENT OF ERROR NO. 3
The Court Below Erred In Failing To Find That The Board Cannot Employ Evidentiary Standards That Are More Stringent Than Evidentiary Standards Employed By Courts of Law.
ASSIGNMENT OF ERROR NO. 4
The Court Below Erred In Finding That It Had No Authority To Review Evidence That The Board's Penalty Was Grossly Disproportionate To The Penalties Imposed By The Board In Similar Cases And That, As A Result, The Board's Action Was Violative Of Dr. Urban's Right To Due Process.
ASSIGNMENT OF ERROR NO. 5
The Court Below Erred In Finding That The Board's Permanent Revocation Of Dr. Urban's License With No Possibility Of Reapplication Is Not Violative Of Fundamental Due Process And The Ohio And United States Constitution.
ASSIGNMENT OF ERROR NO. 6
The Court Below Erred In Failing To Find That A Judicial Finding Of Guilt Under R.C. 2921.12(A) And R.C. 2913.40(B) Does Not, As Necessarily Found By The Board, Mandate A Finding Of A Violation Under R.C. 4731.22(B)(5) And That The Substantive Evidence Does Not Support Such A Finding.
ASSIGNMENT OF ERROR NO. 7
The Court Below Erred In Failing To Find That The Board Abused Its Discretion Because It Should Have Stayed Its Proceedings Pending Disposition Of Appeal Of Dr. Urban's Conviction.
 {¶ 9} In his first assignment of error, appellant argues that the medical board's order was not supported by reliable, probative, and substantial evidence and that the trial court erred in affirming the medical board's decision to permanently revoke his license to practice medicine and surgery.
 {¶ 10} Under the standard of review in appeals from the medical board, the court of common pleas must affirm the medical board's order if the order is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C.119.12. In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, the Ohio Supreme Court defined the evidence required by R.C. 119.12 as:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
 {¶ 11} The standard of review for the court of appeals in appeals of medical board orders from the court of common pleas, however, is abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Moreover, when reviewing an order from the medical board, the court must accord due deference to the board's interpretation of the technical and ethical requirements of its profession. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619.
 {¶ 12} In this case, the board determined that appellant violated R.C. 4731.22(B)(5),[1] which states:
(B) The board, pursuant to an adjudication under Chapter 119. of the Revised Code and by a vote of not fewer than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for one or more of the following reasons:
* * *
(5) Soliciting patients or publishing a false, fraudulent, deceptive, or misleading statement.
 {¶ 13} The issue before this court is to determine whether the trial court abused its discretion in affirming the medical board's decision to permanently revoke appellant's license to practice osteopathic medicine and surgery in Ohio. For the following reasons, also discussed in greater detail in assignments of error two through seven, we hold that the trial court did not abuse its discretion.
 {¶ 14} Appellant was convicted of tampering with evidence and Medicaid fraud. The board reviewed exhibits presented by the state and appellant, along with the trial transcripts from appellant's criminal trial. At appellant's criminal trial, a number of witnesses testified for the state, including physicians, members of appellant's staff, a patient of appellant's, government investigators, and employees. The trial court concluded that the evidence was sufficient to support a conclusion that the conduct underlying appellant's criminal convictions involved appellant "publishing a false, fraudulent, deceptive, or misleading statement" in violation of R.C.4731.22(B)(5) in effect prior to March 9, 1999.
 {¶ 15} The trial court is bound to uphold the order of the board if it is supported by reliable, probative, and substantial evidence and is in accordance with the law. The trial court did not act arbitrarily in doing so in this case. Appellant's first assignment of error lacks merit and is not well taken.
 {¶ 16} Appellant's second and third assignments of error are interrelated and will be addressed together. Appellant argues that the medical board denied him a full and fair hearing when it prohibited him from introducing mitigating evidence pertaining to his sanctions. At the hearing, appellant attempted to introduce, through excerpts of the criminal trial transcript, mitigating factors of the absence of prior disciplinary action, absence of dishonest or selfish motive, full and free disclosure to the medical board, remorse, absence of adverse impact of misconduct on others, and absence of willful and reckless misconduct. Appellant contends that while the state ambushed him by introducing the entire 2,233 page criminal transcript as rebuttal evidence, he was prohibited from providing mitigation evidence directed to issues in the transcript.
 {¶ 17} Appellant further argues that the medical board refused to hear testimony from his staff member regarding a conversation she overheard regarding the alleged alteration of subpoenaed medical records. Appellant contends that the medical board must hear all mitigation evidence in cases of revocation. Appellant is incorrect. The medical board "may consider aggravating and mitigating circumstances in deciding what penalty to impose." State Medical Board of Ohio, Disciplinary Guidelines, Appendix B: Aggravating and Mitigating Factors. (Emphasis added.)
 {¶ 18} Additionally, the traditional rules of evidence are relaxed in administrative hearings. Haley v. Ohio State DentalBd. (1982), 7 Ohio App.3d 1; Ohio Adm. Code 4731-13-25 states that "[t]he `Ohio Rules of Evidence' may be taken into consideration by the board or its attorney hearing examiner in determining the admissibility of evidence, but shall not be controlling." Accordingly, we do not find that it was error for the medical board to not allow the testimony in this case. As the Ohio Supreme Court noted in Ohio Assn. of Pub. School Emp.,AFSCME, AFL-CIO v. Lakewood City School Dist. Bd. of Edn.
(1994), 68 Ohio St.3d 175, 180 "[t]he purpose of due process is to protect substantial rights. It does not mandate particular procedures in every case."
 {¶ 19} Furthermore, appellant was aware at the July 27, 2001 pre-trial conference that, if he attempted to introduce excerpts from the criminal transcript, then the state could ask to have the whole transcript introduced. (July 27, 2001 Tr. 8.) The hearing examiner also informed appellant that it is his "right to show mitigating factors are present." (Tr. 12.) A review of the record and transcripts reveals that, in addition to testifying before the medical board, appellant was given ample opportunity to present mitigating evidence in an attempt to disprove his convictions.
 {¶ 20} The report and recommendation of the August 21, 2001 hearing revealed that the medical board acknowledged that it heard testimony from appellant, examined exhibits submitted by both appellant and the state, and reviewed and considered the transcripts of the criminal proceedings. These items contained the evidence and testimony regarding the mitigating factors put forth by appellant. Accordingly, we find that the trial court did not abuse its discretion in concluding that the order of the medical board was supported by reliable, probative and substantial evidence and was otherwise in accordance with the law. As such, appellant's second and third assignments of error lack merit and are not well-taken.
 {¶ 21} In his fourth assignment of error, appellant contends that the sanction imposed on him was grossly disproportionate to sanctions in other cases, and the trial court erred in not modifying the medical board's disproportionate sanction.
 {¶ 22} Once reliable, probative, and substantial evidence is found to support an order by the medical board, then the reviewing court may not modify a sanction authorized by statute.Henry's Café, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233. See, also, Hale v. Ohio State Veterinary Med. Bd.
(1988), 47 Ohio App.3d 167 (in considering the appropriateness of a sanction, the trial court is limited to determining whether the sanction is within the range of acceptable choices). Even if this court were inclined to be more lenient towards appellant, it could not modify a sanction imposed by the medical board as long as the penalty is one permitted under R.C. 4731.22(B)(5). The medical board has the right to permanently revoke appellant's license if the circumstances warrant permanent revocation.Bouquett v. Ohio State Med. Bd. (1997), 123 Ohio App.3d 466,472-473; Roy v. Ohio State Med. Bd. (1995),101 Ohio App.3d 352. The statute clearly provides for the possible penalty of license revocation for the infractions with which appellant was charged, and, accordingly, will not be disturbed by this court. As such, appellant's fourth assignment of error is not well-taken.
 {¶ 23} In his fifth assignment of error, appellant argues that the permanent license revocation under R.C. 4731.22(L) violated his due process rights and the Ohio and United States Constitutions because the medical board failed to provide appellant with the opportunity to respond to the medical board's charges.
 {¶ 24} R.C. 4731.22(L) provides:
When the board refuses to grant a certificate to an applicant, revokes an individual's certificate to practice, refuses to register an applicant, or refuses to reinstate an individual's certificate to practice, the board may specify that its action is permanent. An individual subject to a permanent action taken by the board is forever thereafter ineligible to hold a certificate to practice and the board shall not accept an application for reinstatement of the certificate or for issuance of a new certificate.
 {¶ 25} Due process rights guaranteed by the United States and Ohio Constitutions apply in administrative proceedings. LTVSteel Co. v. Indus. Comm. (2000), 140 Ohio App.3d 680, 688. "However, due process is a flexible concept and calls for such procedural safeguards as the particular situation demands." Id. at 688-689, citing Cleveland Bd. of Educ. v. Loudermill (1985),470 U.S. 532, 545, 105 S.Ct. 1487, 1495. In Korn v. Ohio StateMedical Bd. (1988), 61 Ohio App.3d 677, 684, this court addressed what procedural due process requires in an administrative hearing: "The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard." "Procedural due process also embodies the concept of fundamental fairness." Sohi v. Ohio State DentalBd. (1998), 130 Ohio App.3d 414, 422. Additionally, this court indicated in Korn that "[n]otice and hearing are necessary to comply with due process in an administrative proceeding which revokes an individual's license to practice profession." Id. at 684. Similarly, the Eighth District has noted that "[d]ue process mandates that prior to an administrative action which results in a deprivation of an individual's liberty or property, the governmental agency must afford that individual reasonable notice and opportunity to be heard." Alcover v. Ohio State Med. Bd.
(Dec. 10, 1987), Cuyahoga App. No. 54292. (Emphasis sic.)
 {¶ 26} First, appellant's due process argument is unpersuasive. On February 14, 2001, appellant received notice of the charges against him and was also informed of his right to request a hearing on the matter. In a letter dated March 1, 2001, appellant filed a written request for a hearing. At the August 21, 2001 hearing, appellant had ample opportunity to be heard.
 {¶ 27} Secondly, the medical board, based on appellant's four felony convictions and one misdemeanor conviction committed in the course of his practice, had within its discretion the power to permanently revoke appellant's license to practice medicine and surgery in Ohio. Appellant was informed in the February 14, 2001 notice that whether or not he requested a hearing, the medical board can take action pursuant to R.C. 4731.22(L). Appellant had failed to demonstrate how R.C. 4731.22(L) is unconstitutional as applied to him. As such, appellant's fifth assignment of error is not well-taken and lacks merit.
 {¶ 28} In his sixth assignment of error, appellant argues that a judicial finding of guilt under R.C. 2921.12(A) and2913.40(B) does not mandate a finding of a violation under R.C.4731.22(B)(5). Appellant maintains that with no substantive evidence presented to prove that appellant made a "false, misleading, deceptive or misleading statement" there can be no violation of R.C. 4731.22(B)(5) and that this court must reverse the judgment of the trial court permanently revoking his license. We disagree.
 {¶ 29} Appellant was convicted of violating R.C.2921.12(A)(1), tampering with evidence, which provides:
No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]
 {¶ 30} At the August 21, 2001 hearing, appellant testified that while he did not destroy patient records, nor erase any information, he admitted to making additions to the subpoenaed patient records one to two years after he wrote notes in their files. (Tr. 182-189, 231-233.) As such, appellant's conduct underlying the finding of guilty under R.C. 2921.12(A)(1) violated R.C. 4731.22(B)(5).
 {¶ 31} Appellant was also convicted of violating R.C.2913.40(B), Medicaid fraud, which provides that "[n]o person shall knowingly make or cause to be made a false or misleading statement or representation for use in obtaining reimbursement from the medical assistance program." The evidence reviewed by the board revealed that appellant often billed Medicaid for tests performed at his laboratory that were not ordered by the examining physician, that lab tests were routinely ordered by an LPN prior to a medical examination, that appellant and his staff made additions to charts adding diagnosis and other information to support tests ordered by the staff, and that appellant billed Medicaid for services performed by his LPN, when Medicaid procedures required that those services were payable only when performed by a registered nurse, physician's assistant, or a physician. Appellant published "false, fraudulent, deceptive, or misleading statement[s]" in an attempt to obtain reimbursement from Medicaid. As such, appellant's conduct underlying the finding of guilty under R.C. 2913.40(B) violated R.C.4731.22(B)(5).
 {¶ 32} Appellant's convictions of tampering with evidence and Medicaid fraud provide a sufficient bases for finding a violation of R.C. 4731.22(B)(5) as it relates to "false, fraudulent, deceptive, or misleading statement[s]." As such, appellant's sixth assignment of error lacks merit and is not well-taken.
 {¶ 33} In his seventh and final assignment of error, appellant contends that the trial court erred in failing to find that the medical board was required to stay the administrative proceedings pending the disposition of appellant's criminal matter. Appellant maintains that with the board bringing charges against him, he was forced to testify on his own behalf and incriminate himself in violation of the Fifth Amendment to the United States Constitution.
 {¶ 34} The trial court found the hearing examiner was not required to continue the hearing based upon the disposition of appellant's criminal case. This court recently held, in Walkerv. Ohio State Med. Bd. (Feb. 21, 2002), Franklin App. No. 01AP-791, that:
This court found in Tedeschi [v. Grover (1988),39 Ohio App.3d 109] that the Fifth Amendment protection against compulsory, self-incriminating testimony does not extend to prohibit civil litigation while the possibility of criminal prosecution exists. Id., paragraph one of the syllabus. Thus, we found in Tedeschi the trial court did not abuse its discretion in refusing to grant a continuance based on defendant's claim of Fifth Amendment privilege when the defendant was under investigation by a federal grand jury for various infractions of the United States Code.
 {¶ 35} The Ohio Supreme Court also noted that a stay or continuance of a civil trial is not required pending an appeal from a conviction and sentence in a criminal case merely because the possibility exists that the criminal case could be reversed and remanded for trial. State ex rel. Verhovec v. Mascio
(1998), 81 Ohio St.3d 334. As such, the medical board did not abuse its discretion by not dismissing the action against appellant or staying the proceedings pending the disposition of the criminal appeal. The trial court did not act arbitrarily in affirming the decision of the medical board. Accordingly, appellant's seventh assignment of error lacks merit and is not well-taken.
 {¶ 36} Based on the foregoing, appellant's assignments of error are overruled and the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
WATSON and SADLER, JJ. concur.
[1] In effect prior to March 9, 1999.