OPINION
{¶ 1} Defendant-appellant, Antoinette R. Stone (hereinafter "Antoinette"), appeals the judgment of the Hardin County Court of Common Pleas (hereinafter "trial court") denying a motion to stay partition proceedings pending a ruling on her Civ.R. 60(B) motion filed in the Hancock County Court of Common Pleas, Domestic Relations Division. Antoinette also appeals the trial court's judgment granting partition as requested by the plaintiff-appellee, Elwood Stone (hereinafter "Elwood"). For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} The parties hereto entered into a decree of dissolution on May 3, 2001, in Hancock County (Case No. 01-0009-DM). As part of the dissolution agreement and division of property, the parties agreed to continue jointly owning a two-unit duplex located in Hardin County, Ohio. Antoinette has continuously occupied and resided in one of the units of the duplex since the date of the parties' dissolution of marriage. Elwood occupied the other unit of the duplex for a short time following the marriage dissolution, but he has not resided there since October, 2001.
 {¶ 3} On October 8, 2002, Elwood filed a partition action in the Hardin County Court of Common Pleas and a trial was scheduled for July 21, 2004. However, on June 25, 2004, Antoinette filed a motion to stay the trial while a Civ.R. 60(B) motion she filed in the Hancock County Common Pleas Court on June 24, 2004 was pending. The Civ.R. 60(B) motion requested that the May 3, 2001, property settlement, agreed upon by the parties in their final decree of dissolution, be set aside. The trial court herein, however, overruled Antoinette's motion to stay the proceedings and the matter advanced to trial.
 {¶ 4} Following the trial, the trial court found that the property in question was held in a joint tenancy with rights of survivorship and that no one other than Antoinette and Elwood had an ownership interest in the property. The trial court further found venue was proper in Hardin County as this was the location of the subject matter of the partition action. The trial court also found that a written document allegedly partitioning the property informally between the parties was not sufficient to constitute a binding contract. Consequently, the trial court ordered the property partitioned and that the partition allocate equal shares to the parties after costs and expenses, including reasonable attorney fees.
 {¶ 5} It is from this judgment that Antoinette now appeals and sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The Trial Court erred as a matter of law and abused itsdiscretion when it failed to grant a stay of this petitionaction, where there was pending a motion for relief from judgmentpursuant to Civil Rule 60(b) [sic] with respect to the Decree ofDissolution of Marriage of the parties and that Court hadsuperior jurisdiction over the parties and the property inquestion and that the respective rights of the parties in theproperty in question in this partition action, where titled [sic]to the property is dependent upon and derived from thedissolution of marriage proceedings in the Hancock County CommonPleas Court.
 {¶ 6} In her first assignment of error, Antoinette maintains the trial court erred in denying her motion to stay partition proceedings until the Civ.R. 60(B) motion filed in the Domestic Relations Division of the Hancock County Court of Common Pleas was decided. Antoinette asserts the Hancock County Common Pleas Court's decision on the Civ.R. 60(B) motion affects the interests of the parties to the property in question; therefore, the partition proceedings should have been stayed.
 {¶ 7} An appellate court reviews the denial of a motion for stay of proceedings under an abuse of discretion standard. Stateex rel. Verhovec v. Mascio (1998), 81 Ohio St.3d 334, 336,691 N.E.2d 282, citations omitted. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id., citation omitted; Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219; 450 N.E.2d 1140.
 {¶ 8} In the case sub judice, Antoinette did not file her Civ.R. 60(B) motion until three years after the judgment granting dissolution of marriage was entered. In addition, Antoinette's Civ.R. 60(B) motion was not filed until several months after Elwood had filed for partition of the property. Nor is there any indication in the record whether or not Antoinette is likely to prevail on her Civ.R.60(B) motion. Under the circumstances, we find that the Hardin County Court of Common Pleas did not abuse its discretion in denying the motion to stay. Antoinette's first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II The Trial Court erred as a matter of law when it failed torecognize the agreement of partition of the property of theparties and allocate proceeds of the partition action inaccordance with that agreement.
 {¶ 9} In her second assignment of error, Antoinette argues that a writing signed by the parties partitioned the property and that the parties have acted in conformity with that partition agreement. As a basis for her argument, Antoinette maintains that Elwood had the taxes to the duplex divided, that he failed to take steps to displace her from the duplex, and that he had access to the property but had abandoned it. Further, Antoinette argues the trial court erred when it allocated the parties equal shares of the partition. For the reasons which follow, we find Antoinette's arguments to be without merit.
 {¶ 10} Under R.C. 5307.01, "[t]enants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof * * *." This court has recognized that "[a]lthough the right to partition is controlled by statute, it has long been held to be essentially equitable in nature." Bryanv. Looker (1994), 94 Ohio App.3d 228, 231, 640 N.E.2d 590, citations omitted.
 {¶ 11} An appellate court reviews cases involving equitable relief under an abuse of discretion standard. McCarthy v.Lippit, 150 Ohio App.3d 367, 2002-Ohio-6435, 781 N.E.2d 1023, at ¶ 22. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 12} Antoinette maintains that the trial court erred when it failed to recognize a written agreement as a voluntary partition of the property, which, she maintains, the parties acted in conformity with.
 {¶ 13} The alleged partition agreement between Antoinette and Elwood states, "I Antoinette Stone am putting in writting [sic] that 307 Main St McGuffey shall be the side that I shall occupy and 305 will be the side that Elwood Stone shall occupy and the front forier (entrance) area shall [be] occupied by both but contents belong to Anotinette Stone." Both parties signed this writing. However, this signed writing merely discusses occupation, not ownership, of the property. Thus, the writing does not constitute a partition agreement and did not effectively partition the property.
 {¶ 14} Furthermore, there is no indication that the parties acted in conformity with any agreement to partition the property. The fact that Elwood called about dividing the taxes in half and made no previous attempts to displace Antoinette does not establish that the parties were acting as though there was a partition of the property. According to Elwood's testimony, he had split the taxes with Antoinette during previous years. Asking the taxing authorities to send him a bill for half of the taxes does not necessarily indicate any change in ownership because he already had informally split the taxes with Antoinette during previous years. Further, the fact that Elwood did not attempt to displace Antoinette would also be consistent with a belief that the parties shared ownership of the property. Moreover, Antoinette testified that even after Elwood signed the writing he asked her to sell the property. This conduct would indicate he did not believe the property had been partitioned.
 {¶ 15} Antoinette also maintains the trial court erred when it allocated to the parties equal shares in the proceeds of any partition action. Antoinette also maintains that the trial court should have considered the fact that Elwood's side of the duplex had deteriorated significantly in comparison to her side, that she did not wish to sell, and that she wished to reside in the duplex when the trial court allocated shares in the partition action. Antoinette's arguments lack merit.
 {¶ 16} When the deed that grants the property to the parties names the parties as grantees but does not state the parties ownership interests in the property then a "rebuttable presumption exists that the grantees took equal interests in the property." Bryan, 94 Ohio App.3d at 231, citing Spector v.Giunta (1978), 62 Ohio App.3d 137, 16 O.O.3d 299,405 N.E.2d 327, citations omitted.
 {¶ 17} In the case sub judice, the deed lists both Antoinette and Elwood as grantees and the deed is silent as to the parties respective ownership interests. Consequently, a rebuttable presumption exists that Antoinette and Elwood each took equal interests in the duplex. We find that Antoinette did not present sufficient evidence to rebut the presumption that the parties took equal ownership interests in the property.
 {¶ 18} The trial court found that Antoinette was as responsible for any deterioration of the property as Elwood. The trial court's finding was supported by Antoinette's testimony that she had access at any time to Elwood's side of the duplex and that she had entered his side of the duplex several times since the dissolution. Furthermore, the only evidence of damages consisted of Antoinette's opinion on what repairs might be necessary and her guess as to how much the repairs might cost. Since Antoinette was also responsible for deterioration of the property, if any, the presumption that the parties had equal ownership interests in the property is not rebutted by any lack of repair or maintenance on part of the property.
 {¶ 19} Further, the fact that Elwood had access to the duplex but chose to move out, that Antoinette wished to reside in the duplex, and that Antoinette does not wish to sell the duplex do not rebut the presumption that the parties took equal interests in the property. None of the aforementioned facts affect the parties ownership interests in the property. Accordingly, we find that Antoinette did not rebut the presumption that the parties took equal ownership interests in the property. Antoinette's second assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Rogers and Shaw, J.J., concur.