[Cite as *Brigner v. Mount Carmel Health Sys.*, 2019-Ohio-4344.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marilyn Brigner, Executor of the Estate of Larry Brigner, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | No. 19AP-496 |
| | : | (C.P.C. No. 19CV-1082) |
| Mount Carmel Health System et al., | : | |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| | : | |
| (William S. Husel, D.O., | : | |
| | : | |
| Defendant-Appellant). | : | |
| | : | |

---

# D E C I S I O N

## Rendered on October 24, 2019

---

*Leeseberg & Valentine, Gerald S. Leeseberg, Anne M. Valentine,* and *Craig S. Tuttle*, for appellee Marilyn Brigner, Executor of the Estate of Larry Brigner.

*Baker & Hostetler LLP,* and *John H. Burtch*, for appellee Mount Carmel Health System.

*Arnold Todaro Welch & Foliano Co., L.P.A.,* and *Gregory B. Foliano*, for appellant.

---

## ON MOTION TO DISMISS

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, William S. Husel, D.O., appeals from an entry of the Franklin County Court of Common Pleas denying a motion to stay proceedings in this

medical malpractice case.  The matter is now before the court on a motion by plaintiff-appellee, Marilyn Brigner, to dismiss the appeal for lack of a final appealable order.

{¶ 2}   Appellee, as executor of the estate of her late husband, filed a complaint in the Franklin County Court of Common Pleas commencing a medical negligence and wrongful death action against Dr. Husel and Mount Carmel Health System.  The complaint alleges that the decedent was admitted to a Mount Carmel facility with breathing difficulties and an altered mental state, and that Dr. Husel negligently or intentionally instructed hospital staff to administer a lethal dose of fentanyl.  The complaint alleges that Mount Carmel is vicariously liable for the claims asserted against Dr. Husel, and that additional claims lie against Mount Carmel for negligent credentialing and negligent supervision.

{¶ 3}   This civil case is one of many arising out of similar conduct by Dr. Husel, and his actions have also given rise to criminal proceedings:  On June 5, 2019, the Franklin County Grand Jury returned indictments on 25 counts of murder arising from the death of patients who had received lethal doses of fentanyl prescribed by Dr. Husel.

{¶ 4}   Upon return of the indictments, Dr. Husel and Mount Carmel both filed motions to stay this civil action until resolution of Dr. Husel's criminal cases.  The court's denial of Dr. Husel's motion for an indefinite stay lead to the present appeal. The court's denial of Mount Carmel's motion is the object of a separate appeal under our case No. 19AP-500 and will be addressed in that case.

{¶ 5}   In support of his stay, Dr. Husel argued before the trial court that he would, on the advice of counsel, exercise his Fifth Amendment privilege against self-incrimination in response to interrogatories or deposition questions asked of him in the civil case.  Dr. Husel asserted that, as such, he would be prevented from adequately defending his position in the civil case as long as the criminal matter remained pending.

{¶ 6}   The trial court noted that the Supreme Court of Ohio, in *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336 (1998), stated that the Fifth Amendment's protection against compulsory self-incriminating testimony does not prohibit civil litigation involving a defendant during the course of his criminal prosecution.  The trial court then applied a six-prong balancing test invoked by federal courts in comparable circumstances to determine when to grant a discretionary stay in civil proceedings, citing

*United States v. Ogbazion*, S.D.Ohio No. 3:12-cv-95, 2012 U.S. Dist. LEXIS 136016 (Sept. 24, 2012) and *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir.2012): 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of, and burden on, the defendants; 5) the interests of the courts in judicial efficiency and orderly management of the case; and 6) the public interests at stake.

{¶ 7} The present motion to dismiss raises a specific and limited issue: whether the trial court's denial of an indefinite stay of civil proceedings, pending the outcome of criminal proceedings involving one of the parties to the civil action, constitutes a final appealable order. For the reasons that follow, we find the motion to dismiss well-taken and dismiss the appeal without further discussing the standard and rationale applied by the trial court in denying the stay.

{¶ 8} Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of lower courts. Final orders are those that dispose of the whole case or some separate and distinct branch thereof. *Lantsberry v. Tilley Lamp Co.,* 27 Ohio St.2d 303, 306 (1971). A trial court order that does not dispose of the entire case is final and appealable only if it otherwise satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶ 9} Two provisions of the statute are discussed by the parties in this case. Under R.C. 2505.02(B)(1), an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." Under R.C. 2505.02(B)(4), an order is final and appealable if it "grants or denies a provisional remedy." The order must determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party regarding the provisional remedy. R.C. 2505.02(B)(4)(a). The order must also be issued under circumstances that do not afford a meaningful and effective remedy to the appealing party following final judgment. R.C. 2505.02(B)(4)(b). R.C. 2505.02(A)(3) defines a provisional remedy as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence."

{¶ 10} Examining first R.C. 2505.02(B)(1), we conclude that the trial court's order does not affect a substantial right which, if not immediately appealable, would foreclose appropriate relief in the future. *See generally Kenneth's Hair Salons & Day Spas, Inc. v. Braun*, 10th Dist. No. 17AP-816, 2018-Ohio-186, ¶ 13. The trial court's refusal to grant stay does not of itself violate Dr. Husel's Fifth Amendment privilege against self-incrimination. The order generally directs that discovery will proceed in the case. It does not require him to produce evidence or testify to anything in violation of that right. The current order does not impact Dr. Husel's Fifth Amendment privilege against self-incrimination as it does not require him to do, produce, or testify to anything in violation of such rights.

{¶ 11} Dr. Husel also argues that the denial of a stay violates his Sixth Amendment right to a fair trial. He argues that discovery in civil proceedings may expose his criminal defense strategy, and produce evidence that would assist the prosecution in building its case. Conversely, his effective defense of the civil case may be constrained by his criminal defense strategy. Again, "[w]hile a [trial] court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." *Fed. S. & L. Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989), citing *United States v. Kordel*, 397 U.S. 1 (1970) and *Securities & Exchange Comm. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1980), *cert. denied*, 449 U.S. 993 (1980).

{¶ 12} "The civil and regulatory laws of the United States frequently overlap with the criminal laws, creating the possibility of parallel civil and criminal proceedings, either successive or simultaneous. In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence. As long ago as 1912 the Supreme Court recognized that under one statutory scheme[,] that of the Sherman Act[,] a transaction or course of conduct could give rise to both criminal proceedings and civil suits. *Standard Sanitary Manufacturing Co. v. United States*, 226 U.S. 20, 52, 33 S. Ct. 9, 16, 57 L. Ed. 107 (1912). The Court held that the government could initiate such proceedings either 'simultaneously or successively,' with discretion in the courts to prevent injury in particular cases. Id." *Dresser Industries*, 628 F.2d at 1374. "The Constitution, therefore, does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Id.* at 1375, citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976); *DeVita v. Sills*, 422 F.2d 1172, 1181 (3d Cir.1970).

{¶ 13} The trial court's denial of a stay in this case accordingly is not appealable under R.C. 2505.02(B)(1) because the order does not affect a substantial right in an action that in effect determines the action and prevents a judgment.

{¶ 14} Nor may appellant bring his appeal under R.C. 2505.02(B)(4), because under Ohio law denial of a stay does not constitute a denial of a provisional remedy:

> [T]he imposition of a stay merely ceases activity on a case and does not provide for a "provisional remedy." Because the imposition of a stay is not considered a separate proceeding "with its own life," it is not a final order subject to immediate appellate review. It follows that the trial court's denial of [appellant's] motion to stay proceedings pending the outcome of the criminal case cannot be considered a "provisional remedy" under R.C. 2505.02(A)(3). It is axiomatic that if the imposition of a stay is not considered a "provisional remedy" as defined by R.C. 2505.02(A)(3), then the trial court's denial of a motion to stay falls outside of that definition as well.

(Internal citations omitted.) *Novak v. Studebaker*, 9th Dist. No. C. A. No. 24615, 2009-Ohio-5337, ¶ 12, citing *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, ¶ 28-31.

{¶ 15} In a somewhat dissimilar procedural posture, the Supreme Court of Ohio has reached the same conclusion. In *State ex rel. Verhovec v. Mascio*, *supra*, the Supreme Court granted a writ of procedendo to compel the trial court to go forward with civil proceedings that the trial court had stayed pending the outcome of criminal proceedings against one of the civil defendants. While acknowledging that a stay of proceedings generally rests within the trial court's discretion, the Supreme Court noted that Fifth Amendment protection against compulsory self-incriminating testimony does not extend to prohibit all civil litigation while the possibility of criminal prosecution exists. *State ex rel. Verhovec v. Mascio* at 336. The Supreme Court determined that the trial judge had abused his discretion granting a general stay of the civil litigation.

{¶ 16} While *Mascio* is on all fours with respect to the underlying procedural issues in the case before us, the most telling aspect of *Mascio*, for purposes of deciding the present motion, is that by issuing a writ the Supreme Court implicitly determined that no appeal was available to the petitioner. ("A writ of procedendo will not issue unless the relator establishes a clear legal right to that relief and that there is no adequate remedy at

law." *State ex rel. Sherrills v. Court of Common Pleas of Cuyahoga Cty.*, 72 Ohio St.3d 461, 462 (1995), citing *State ex rel. Brown v. Shoemaker*, 38 Ohio St.3d 344, 345 (1988).). We therefore conclude that an appeal will not lie in this matter under R.C. 2505.02(B)(4), because under Ohio law denial of a stay does not constitute a denial of a provisional remedy, and does not constitute a final appealable order.

{¶ 17} In summary, we find that the present appeal is not taken from a final appealable order and dismiss the appeal.

*Motion to dismiss granted.*

KLATT, P.J., and BEATTY BLUNT, J., concur.

————————————