[Cite as *State v. Orsik*, 2012-Ohio-4331.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 11CA010097 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GEORGE T. ORSIK | | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 11TRC00919 |

DECISION AND JOURNAL ENTRY

Dated: September 24, 2012

CARR, Judge.

{¶1} Appellant George Orsik appeals the judgment of the Oberlin Municipal Court that ordered the release of his truck to the lienholder. This Court affirms.

I.

{¶2} The police found Orsik staring blankly and sitting on the rocker panel of his truck in a muddy field approximately 20 feet from the roadway. Orsik's eyes were bloodshot and glassy, his speech was slurred, and his responses were slow. When an officer directed him to stand and approach, Orsik attempted to do so with difficulty and fell. The officer noticed a strong smell of alcohol, and Orsik admitted that he had had a lot to drink. He refused, however, to submit to a breath test. Orsik was cited for operating a vehicle while under the influence of alcohol (third offense in six years), refusal to submit to a breath alcohol test, and failure to control. Although "unable to sign," Orsik was provided with a copy of a notice of forfeiture which informed him that, if he had any previous convictions for operating a vehicle while under

the influence, the court may order the forfeiture of his vehicle to the state if he were convicted of the instant charge.

{¶3} At arraignment, the trial court explained to Orsik that, because of his two prior convictions for operating while under the influence, his vehicle would be subject to forfeiture in this case. Orsik pleaded not guilty to the charges. Subsequently, in exchange for the State's dismissal of the charges of refusal to submit to alcohol testing and failure to control, Orsik pleaded no contest to the charge of operating a vehicle while under the influence of alcohol, his third such offense within six years, in violation of R.C. 4511.19(A)(1)(a). Prior to entering his plea, the trial court informed him that his vehicle would be subject to forfeiture. A forfeiture and sentencing hearing was scheduled for a later date. The trial court ordered the Ohio State Highway Patrol to search the public records and file with the court the name and address of any lienholder in the subject vehicle.

{¶4} Ally Financial filed a motion, requesting recognition as an interested party as the holder of the first lien of record in the subject vehicle. Ally appended the affidavit of its confiscation specialist, an acknowledged copy of the retail installment contract relevant to Orsik's truck, and an acknowledged copy of the certificate of title naming Ally as the first lienholder. Ally was represented by counsel at the forfeiture hearing and submitted the documentation appended to its motion in an effort to demonstrate that the vehicle should be returned to it. The trial court considered the affidavit and other documents and found that Ally had met its burden by a preponderance of the evidence. The trial court ordered the return of the truck to Ally, and further sentenced Orsik to 365 days in jail and imposed a $1200.00 fine. The court suspended 335 days and $350.00. Orsik's license was suspended for two years and six points were assessed to his license. Orsik appealed, raising two assignments of error for review.

II.

## **ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRONEOUSLY ORDERED THE FORFEITURE OF DEFENDANT'S MOTOR VEHICLE BASED UPON INSUFFICIENT AND IMPROPERLY ADMITTED EVIDENCE.

**{¶5}** Orsik argues that the trial court ordered forfeiture of his truck based on improperly admitted evidence. This Court disagrees.

**{¶6}** As a preliminary matter, we acknowledge that the truck was not forfeited to the State, but rather that the trial court ordered that it be released to the lienholder.

**{¶7}** R.C. 4503.234 addresses criminal forfeitures of vehicles and exemptions from forfeiture for lienholders and other persons with an interest in the subject vehicle. R.C. 4503.234(B)(2) states in pertinent part: "No order of criminal forfeiture shall be issued pursuant to the section if a lienholder * * * establishes to the court, by a preponderance of the evidence after filing a motion with the court, that the lienholder * * * neither knew nor should have known after a reasonable inquiry that the vehicle would be used or involved, or likely would be used or involved, in the violation resulting in the issuance of the order of criminal forfeiture * * *, that the lienholder * * * did not expressly or impliedly consent to the use or involvement of the vehicle in the violation, and that the lien * * * was perfected pursuant to law prior to the seizure of the vehicle[.]"

**{¶8}** Ally, the purported lienholder, did not present any witness testimony at the forfeiture hearing. Instead, it submitted the affidavit of Maribelle Rodriguez, its confiscation specialist, who averred, on the basis of personal knowledge or knowledge obtained from company records kept in the ordinary course of business and over which she is the custodian, that she neither knew nor should have known that Orsik's truck would be used in violation of

law and that she never authorized any act in violation of law. The retail installment agreement, appended to her affidavit, includes Orsik's agreement "not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer." The certificate of title, appended to her affidavit, indicates that Ally is the first lienholder on the vehicle. All parties agree that all the documents submitted by Ally constituted hearsay.

{¶9} Orsik argues that the trial court erred by considering the evidence presented by Ally because it was inadmissible hearsay. The trial court admitted and considered the evidence, however, after concluding that the Ohio Rules of Evidence were not applicable to forfeiture hearings. This is an issue of first impression in Ohio. We need not determine this issue here because Orsik has not demonstrated how he was prejudiced by the release of the truck to the lienholder in lieu of forfeiture of the truck to the State. Because his conviction for operating a vehicle while under the influence was his third such conviction in six years, forfeiture of his truck was mandatory barring any claim of a lienholder or other person who could establish an interest in the truck. He has not argued or demonstrated that he could have recovered the truck under these circumstances. Accordingly, error in the admission of Ally's affidavit, if any, was harmless. *See State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 59.

{¶10} Although Orsik raises sufficiency in his assignment of error, he does not develop any arguments in that regard in the body of his assignment of error. Accordingly, this Court declines to develop any such argument for him. App.R. 12(A)(2); *see also Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934 (May 6, 1998) (holding that "if an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.")

{¶11} Orsik's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE STATE OF OHIO FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS OF R.C. 4503.234(A).

**{¶12}** Orsik argues that the State failed to comply with the notice requirements of R.C. 4503.234(A) relevant to forfeiture hearings. This Court disagrees.

**{¶13}** R.C. 4503.234(A) provides in pertinent part: "A forfeiture order may be issued only after the offender has been provided with an opportunity to be heard. The prosecuting attorney shall give the offender written notice of the possibility of forfeiture by sending a copy of the relevant uniform traffic ticket or other written notice to the offender not less than seven days prior to the date of issuance of the forfeiture order." Although the trial court did not order the forfeiture of the truck to the State, but rather ordered its release to the lienholder, this Court recognizes that the notice requirements are applicable to hearings where the court must determine whether forfeiture to the State or release to a lienholder is appropriate under the statutory scheme.

**{¶14}** Orsik argues that this Court must sustain his assignment of error on the authority of *State v. Knapp*, 9th Dist. No. 02CA0048-M, 2003-Ohio-532, in which we affirmed the trial court's order precluding forfeiture of Knapp's vehicle because the State had not strictly complied with the statutory notice requirements. *Knapp* is distinguishable, however, because the criminal forfeiture statute in effect at that time additionally required the charging instrument to contain a notice that the subject vehicle would be criminally forfeited to the State upon conviction. Since that time, the statute has been amended to merely require the prosecuting attorney to give written notice of the possibility of forfeiture at least seven days prior to the date of issuance of any forfeiture order. The statute, by its plain language, provides that the prosecuting attorney may comply with the notice requirement by providing the offender with "a copy of the relevant

uniform traffic ticket." R.C. 4503.234(A). Orsik concedes in his brief that he received a copy of the uniform traffic ticket prior to the forfeiture hearing which ultimately took place on September 28, 2011. Accordingly, the State provided him with the requisite notice. To the extent that he argues that the language subsumed within the uniform traffic ticket did not provide notice of the possible forfeiture, his argument is misplaced. The legislature has already determined that the uniform traffic ticket provides adequate notice.

{¶15} In addition, the record contains the trial court's pink copy of a notice of forfeiture, filed on March 21, 2011. According to the form, Orsik would have received the goldenrod copy of the form. The form contains the following written notification: "If you are convicted of or plead guilty to OVI, the court may issue * * * an order for the criminal forfeiture of the vehicle to the state." On July 27, 2011, the trial court issued an order, scheduling a forfeiture hearing on September 6, 2011, and directing the Ohio State Highway Patrol to search public records for any lienholders in the subject vehicle. Significantly, the trial court judge, the assistant prosecutor, defense counsel, and Orsik all signed the July 27, 2011 order. By signing the order, the State provided "other written notice" pursuant to R.C. 4503.234(A) to Orsik that his truck was subject to forfeiture. Finally, at the change of plea hearing on September 6, 2011, the trial court informed Orsik that his vehicle would be subject to forfeiture because he had two prior convictions for operating a vehicle while under the influence. The forfeiture hearing was then rescheduled for September 28, 2011.

{¶16} A review of the record indicates that the State provided Orsik with the statutorily mandated notice prior to the forfeiture hearing. He admitted receiving the uniform traffic ticket which the legislature has indicated provides the requisite notice. Both Orsik and his attorney, along with the prosecuting attorney, signed the July 27, 2011 journal entry that scheduled the

forfeiture hearing. Accordingly, the State complied with the statutory notice requirements. Orsik's second assignment of error is overruled.

III.

{¶17} Orsik's assignments of error are overruled. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
CONCURS.

BELFANCE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶18} I concur in the majority's resolution and analysis of Mr. Orsik's first assignment of error. With respect to the majority's resolution of Mr. Orsik's second assignment of error, I agree that it is properly overruled and that Mr. Orsik's reliance upon *State v. Knapp*, 9th Dist. No. 02CA0048-M, 2003-Ohio-532, is misplaced. However, even if there was technical noncompliance with that portion of R.C. 4503.234(A) requiring written notice of the possibility of forfeiture, Mr. Orsik has not demonstrated that he was prejudiced by the error. *See* Crim.R. 52(A).

<u>APPEARANCES:</u>

BRETT F. MURNER, Attorney at Law, for Appellant.

MICHELLE D. NEDWICK, Attorney at Law, for Appellee.