[Cite as *State v. Hagan*, 2014-Ohio-4308.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-A-0013** |
| AMANDA HAGAN, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula County Court, Eastern Division.
Case No. 2014CRA00073E.

Judgment: Reversed and vacated.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellant).

*Amanda Hagan*, pro se, 7731 Noble Road, Windsor, OH 44099 (Defendant-Appellee).


TIMOTHY P. CANNON, P.J.

{¶1}    Appellant, the state of Ohio, appeals the order of the Ashtabula County Court, Eastern Division, to return appellee's property, which consisted of a 2002 Buick and a cellular telephone. Based on the following, the judgment of the trial court is hereby reversed and vacated for the reasons set forth in this opinion.

{¶2}    The record in this case is limited to the facts contained in the police report and the transcript of the waiver of preliminary hearing. The police report indicates that

appellee, Amanda Hagan, was pulled over by the Ashtabula County Sheriff's Department for having an obstructed license plate. When speaking with Hagan, the deputy observed a black case that appeared to be a gun holster between the seats. Upon inquiry, Hagan told the deputy that it was a health kit.

{¶3} The deputy sought permission to search the trunk of the vehicle. Hagan agreed and exited the vehicle. When she exited the vehicle, the deputy observed a large baggie containing a yellowish-brown powder on the driver's seat; the amount of the powder in the baggie appeared to be the size of a golf ball. When the deputy attempted to retrieve the baggie, the passenger inside the vehicle grabbed it; the baggie tore, and the powder fell onto the vehicle's passenger floor board. The passenger attempted to grind the powder into the carpet with his shoe. Both Hagan and her passenger were immediately detained. The vehicle was towed, and a holder was placed on it. Hagan's cellular telephone was also seized.

{¶4} The police report further indicates that the substance testified positive for heroin. Hagan was charged with drug possession, a felony of the fifth degree.

{¶5} A complaint was filed against Hagan charging her with a violation of R.C. 2925.11(A)(C)(6)(a). There was no specification regarding forfeiture in the complaint, and no separate civil complaint was filed seeking forfeiture of any property.

{¶6} Hagan attended a preliminary hearing. After agreeing to a waiver of the hearing, her attorney made an oral request for the return of the vehicle and the cellular telephone. The prosecutor objected to the return of these items. He indicated the state was not prepared at that time to address the issues regarding release of the property, stating it may be property subject to forfeiture and also needed as evidence of the

charged crime, and possibly other crimes. He further argued that Hagan needed to file a motion if she wanted the property released. The trial court, over objection, granted the return of both items.

{¶7} The matter was bound over to the Ashtabula County Court of Common Pleas.

{¶8} The state filed a request for a stay of the trial court's order releasing the vehicle and phone in both the trial court and this court. The state's requests for stay were denied.

{¶9} On appeal, the state asserts one assignment of error, stating:

{¶10} "The trial court erred in granting appellee's motion to return property."

{¶11} Pursuant to R.C. 2945.67(A), the state has filed an appeal from the trial court's judgment ordering certain seized property be returned to Hagan. The state asserts the trial court erred when it entered its order because Hagan failed to comply with the requisite statutory procedures for obtaining the relief at issue. Specifically, the state maintains that because Hagan failed to file a written motion requesting the return of her property, the state was not afforded an opportunity to respond to appellee's request.

{¶12} Revised Code Chapter 2981 permits "[a] law enforcement officer [to] seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2).

{¶13} A prosecuting attorney may pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both. R.C. 2981.03(F). "Property subject to forfeiture" is defined to include "contraband" and

3

"instrumentalities" involved in the commission of a felony. *See* R.C. 2981.01(B)(13) and R.C. 2981.02(A)(1) & (A)(3)(a). Assuming the property at issue fell under the rubric of the foregoing provisions, R.C. 2981.03(A)(4) governs the ability of a party aggrieved by an alleged unlawful seizure of his or her property to obtain relief. Under that subsection, the aggrieved party may file "a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return." The statute continues:

{¶14} "If the motion is filed before an indictment, information, or a complaint seeking forfeiture of the property is filed, the court shall promptly schedule a hearing on the motion, and at the hearing the person shall demonstrate by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property." *Id.*

{¶15} The trial court ordered the return of Hagan's cellular telephone and vehicle over the specific objection of the state. We first address the return of Hagan's cellular telephone. The transcript of the preliminary hearing indicates the cellular telephone was seized pursuant to a search warrant issued in a criminal investigation. The police report indicates that a search warrant was requested for Hagan's cellular telephone due to drug trade history and the evidence located in the vehicle. It is unclear from the record whether that search warrant was requested in this case or in another case where Hagan was a suspect or a defendant.

{¶16} "Property seized under a warrant shall be kept for use as evidence by the court which issued the warrant or by the law enforcement agency which executed the warrant." Crim.R. 41(D)(1). "When a warrant is executed by the seizure of property or

4

things described therein, such property or things shall be kept by the judge, clerk, or magistrate to be used as evidence." R.C. 2933.26.

{¶17} At the preliminary hearing, the state advised the trial judge that Hagan had a pending case in the court of common pleas when she was stopped for this incident. With regard to the cellular telephone, the trial judge urged the state to reveal the contents of the cellular telephone and requested an explanation as to what evidence the phone contained. The state, reiterating that this was a preliminary hearing, noted that a search warrant had been executed on the cellular telephone and it may be used for possible further criminal charges. The Eastern Division Court did not issue the search warrant. Because the cellular telephone could have been used to assist the investigation or held as evidence pursuant to a criminal search warrant, it was error for the trial court to order its return to Hagan.

{¶18} Next, we discuss the return of Hagan's vehicle. We determine it was error to order the return of Hagan's vehicle. The state has argued, both on appeal and at the preliminary hearing, that the question of whether the items seized were subject to forfeiture under R.C. 2981.02 was not at issue during the hearing because Hagan failed to properly file such motion. Whether the seized items were subject to forfeiture should not have been considered at the preliminary hearing; the trial court should have held a separate hearing pursuant to R.C. 2981.03(A)(4) to determine whether the seized items should be returned to Hagan. Hagan made an oral motion for the return of property at the preliminary hearing. Such motion, however, does not comply with the statutory mandate of R.C. 2981.03(A)(4). The state's assignment of error has merit.

5

{¶19} The problem facing this court is how to fashion a remedy for the state. Immediately after ordering release of the property, the Eastern Division Court ordered the case bound over to the Grand Jury. As a result, and as the parties recognized at the hearing, the Ashtabula County Court, Eastern Division, lost jurisdiction over the case. Nevertheless, the state may still pursue forfeiture in a civil action, pursuant to R.C. 2981.05, or may include forfeiture as part of a specification in Hagan's indictment, pursuant to R.C. 2981.04 ("The prosecutor of the political subdivision in which property described in division (A) of section 2981.02 of the Revised Code is located may commence a civil forfeiture action under this section by filing in the court of common pleas of the county in which the property is located a complaint requesting an order that forfeits the property to the state or a political subdivision.").

{¶20} Our remedy is therefore limited to vacating the order releasing the property. As a result of the vacation of the order, the state may now seek—in the Ashtabula County Common Pleas Court, which has jurisdiction over the case—return of the cellular telephone that was seized pursuant to the search warrant and forfeiture of the car that was improperly released.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.