[Cite as *Erie Cty. Sheriff's Office v. Lacy*, 2015-Ohio-72.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Erie County Sheriff's Office | Court of Appeals Nos. E-14-022<br>E-14-023 |
| Appellant | |
| | Trial Court Nos. 2013-CV-018 |
| v. | 2012-CR-519 |
| In re: One 2011 Chevy Cruze, et al. | |
| Defendants | |
| Charlene Lacy | **DECISION AND JUDGMENT** |
| Appellee | Decided: January 9, 2015 |

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski, Frank Romeo Zeleznikar and Jeanne Lippert, Assistant
Prosecuting Attorneys, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, the Erie County Sheriff's Office, appeals from the March 24

and 28, 2014 judgments of the Erie County Court of Common Pleas denying forfeiture of

the property of appellee, Charlene Lacy.  For the reasons which follow, we affirm.

{¶ 2} On December 2, 2012, Lacy utilized her 2011 Chevy Cruze automobile to commit a criminal offense for which she was later convicted. On January 14, 2013, appellant filed a petition (case No. 2013-CV-018) for forfeiture of Lacy's automobile pursuant to R.C. 2981.05 (civil forfeiture). The sheriff's office alleged that the vehicle was an instrumentality used in the commission of a felony and subject to forfeiture pursuant to R.C. 2981.02(A)(3).

{¶ 3} Appellee was indicted on January 23, 2013, with complicity to commit burglary, a felony of the second degree, and complicity to commit theft, a felony of the fourth degree (case No. 2012-CR-519). Appellant alleged that due to a typographical error, the indictment failed to include a forfeiture specification which the grand jury had found and specified. The indictment was amended on February 12, 2013, to include a criminal forfeiture specification, but the specification contained an error.

{¶ 4} On April 29, 2013, appellee pled guilty to an amended Count 1 of the indictment, complicity to commit burglary. As a condition of the plea agreement, appellee agreed to pay $500 in restitution. On July 11, 2013, appellee was sentenced to four years of community control and was ordered to pay $500 in restitution. A forfeiture hearing was scheduled.

{¶ 5} Following a joint hearing of both forfeiture actions on September 11, 2013, the trial court held in a March 24, 2014 judgment in the civil forfeiture case that appellant had "demonstrated that the vehicle should be forfeited for its use in the commission of the offense in which the party in interest was guilty." However, the trial court denied

2.

appellants' civil forfeiture because at the hearing, appellant did not produce evidence of compliance with certain procedural requirements. In a March 28, 2014 judgment in the criminal forfeiture case, the trial court held that the evidence supported an order of forfeiture, but the trial court denied the forfeiture, holding that appellant failed to use the correct language in the criminal forfeiture specification.

{¶ 6} Appellant appealed from both judgments on April 21, 2014, which were consolidated into the instant appeal. Appellant asserts the following assignments of error on appeal:

I. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CIVIL FORFEITURE PETITION IN CASE NUMBER 2013-CV-018, WHEN IT INCORRECTLY DETERMINED THAT APPELLANT WAS REQUIRED TO PRESENT EVIDENCE OF COMPLIANCE WITH THE NOTICE REQUIREMENTS SET FORTH IN O.R.C. SECTION 2981.05 (B) BEFORE IT COULD ISSUED THE CIVIL FORFEITURE.

II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING AND DISMISSING THE CRIMINAL FORFEITURE SPECIFICATION IN CASE NUMBERS 2012-CR-519 WHEN IT SUA SPONTE DETERMINED THAT THE CRIMINAL FORFEITURE SPECIFICATION IN THE INDICTMENT WAS DEFICIENT.

3.

{¶ 7} In its first assignment of error, appellant argues that in the civil forfeiture action, the trial court erred as a matter of law. In his second assignment of error, appellant argues that in the criminal forfeiture case, the trial court abused its discretion. We address both assignments of error together.

{¶ 8} Pursuant to R.C. 2981.03, a prosecutor may seek forfeiture of a seized property by either including a forfeiture specification in the charging instrument, R.C. 2981.04, or by filing a civil action, R.C. 2981.05, or both. *State v. Hagan*, 11th Dist. Ashtabula No. 2014-A-0013, 2014-Ohio-4308, ¶ 13.

{¶ 9} Pursuant to R.C. 2981.05(A), the prosecutor where property subject to forfeiture is located may commence a civil forfeiture action by filing a complaint requesting an order that forfeits the property to the state or a political subdivision. Prior to filing the petition,

> the prosecutor *shall* attempt to identify any person with an interest in the property subject to forfeiture by searching appropriate public records and making reasonably diligent inquiries. The prosecutor *shall* give notice of the commencement of the civil action, together with a copy of the complaint, to each person who is reasonably known to have any interest in the property, by certified mail, return receipt requested, or by personal service. The prosecutor *shall* cause a similar notice to be published once

each week for two consecutive weeks in a newspaper of general circulation in the county in which the property is located. R.C. 2981.05(B) (emphasis added).

{¶ 10} Pursuant to R.C. 2981.05(D), the trial court shall issue a civil forfeiture order if: (1) "the prosecutor proved by a preponderance of the evidence that the property is subject to forfeiture under section 2981.02 and after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact specifically describes the extent of the property to be forfeited." R.C. 2981.02 permits forfeiture of property that is:

(1) Contraband involved in an offense;

(2) Proceeds derived from or acquired through the commission of an offense;

(3) An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:

(a) A felony;

* * *

(c) An attempt to commit, complicity in committing, or a conspiracy to commit an offense of the type described in divisions (A)(3)(a) and (b) of this section.

**{¶ 11}** The trial court held that while appellant established that the car should be subject to forfeiture, it denied forfeiture because appellant had not established that it complied with the notice requirements of R.C. 2981.05 by publishing notice of the forfeiture action in the newspaper.

**{¶ 12}** Appellant concedes that it did not present evidence that the procedural requirements set forth in R.C. 2981.05(B) had been followed. Appellant did send a copy of the complaint for forfeiture to appellee by certified mail, return receipt requested, but did not publish notice of the commencement of the forfeiture proceeding in a newspaper of general circulation. Appellant argues on appeal that this requirement is not an element that must be proven by the state when determining whether an instrumentality is subject to forfeiture pursuant to R.C. 2981.02.

**{¶ 13}** A prosecutor may also elect to pursue criminal forfeiture. R.C. 2981.04 provides that the prosecutor must include in the charging instrument a specification of forfeiture that complies with R.C. 2941.1417 for all property foreseen to be subject to foreclosure. The forfeiture specification gives notice to the defendant of the potential forfeiture penalty. *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 65 (6th Dist.). The specification must notify the defendant of:

> (a) The nature and extent of the alleged offender's or delinquent child's interest in the property;

> (b) A description of the property;

6.

(c) If the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense. R.C. 2981.04(A).

The forfeiture specification in this case stated as follows:

SPECIFICATION OF CRIMINAL FORFEITURE PURSUANT TO O.R.C. SEC. 2981.02 AS TO BOTH COUNTS: The Grand Jurors further find and specify that Charlene M. Lacy was in possession of, and/or owner of, a 2011 Chevrolet Cruze, VIN# ending in 3231, said *cash* being proceeds and/or instrumentalities in the commission of the offense under both Counts of the indictment. (Emphasis added).

{¶ 14} The trial court held that the forfeiture specification was not sufficient in this case because it indicated that *cash* was the proceeds and/or instrumentalities used in commission of the offense, not the *car*. The court found that there was sufficient evidence the *car* was used in the commission of the offense (but not the *cash*) and that Lacy was the titled owner of the vehicle. However, the court concluded that the order of forfeiture could not be issued because appellant never amended the indictment to correct the erroneous use of the word *cash* instead of *car*.

{¶ 15} The question presented by both forfeiture cases on appeal is whether an order of forfeiture could be granted when appellant did not strictly comply with the forfeiture statutory procedures.

7.

{¶ 16} Appellant argues the prosecutor must only prove that the "property is subject to forfeiture under section 2981.02" and, pursuant to that statute, that the property at issue was "[a]n instrumentality * * * used in * * * the commission or facilitation of * * * [a] felony." He further argues the prosecutor was not required to prove that he complied with the notice requirements of the statute unless an opposing party first raises the issue. Alternatively, appellant argues it is clear from the record that appellee had actual notice that her vehicle was subject to forfeiture: appellant filed a petition for forfeiture of seized property pursuant to R.C. 2981.05; appellee's indictment included a criminal forfeiture specification pursuant to R.C. 2981.04 (A); appellee requested the forfeiture hearing as part of a negotiated plea agreement regarding the vehicle; appellee participated in the forfeiture hearing; and appellant presented the testimony of the supervisor of the Erie County title department who testified that the certified titled was transferred to appellee, there were no lienholders, and the purchase price was zero.

{¶ 17} Appellant also argues it is clear that the use of the word "cash" in the forfeiture specification was merely a typographical error and that Lacy understood the intent of the specification.

{¶ 18} We find there are few cases discussing strict application of the statutory notice requirements of R.C. Chapter 2981. However, courts have been divided as to whether the notice requirements of forfeiture statutes under the forfeiture provisions of R.C. Chapter 45 must be strictly applied or whether the court can consider whether the purpose of the statutory requirement was fulfilled with actual notice. Some courts apply

8.

waiver or harmless error doctrines if there was evidence of actual notice. In *Mayfield Heights v. Berlin*, 8th Dist. Cuyahoga No. 81071, 2002-Ohio-4040, ¶ 5 (interpreting R.C. 4511.99(A)(3)(b) and 4503.234(B), notice of possible forfeiture gave the owner actual notice governing forfeiture and failure to object constituted waiver of the notice requirement); *City of Xenia v. Mellotte*, 2d Dist. Greene No. 2001CA90, 2002-Ohio-2700, ¶ 1-2 (although the notice requirements of R.C. 4503.234(B) and 4511.195(B)(1) are mandatory, no prejudice shown by failure to provide notice when forfeiture was part of a negotiated plea); *State v. Guy*, 9th Dist. Summit No. 16760, 1994 WL 605598, *2 (Nov. 2, 1994) (failure to receive R.C. 4503.234(C)(1) notice of forfeiture harmless where party had actual notice through another form); and *City of Columbus v. Robison*, 10th Dist. Franklin No. 95APC10-1364, 1996 WL 274095, *6-7 (May 21, 1996) (actual notice of the forfeiture hearing in an R.C. 4503.234 forfeiture proceeding was sufficient to satisfy the notice requirements under the statute).

{¶ 19} In contrast, however, the court in *State v. Knapp*, 9th Dist. Medina No. 02CA0048-M, 2003-Ohio-532, ¶ 20, held that because R.C. 4503.234 is a forfeiture statute, both versions of that statute in effect had to be strictly construed against the state. Because the state had failed to satisfy the mandate of written notice, the automobile at issue could not be subject to forfeiture even though the court had orally given defendant notice of the potential forfeiture upon conviction. In *State v. Orsik*, 9th Dist. Lorain No. 11CA010097, 2012-Ohio-4331, ¶ 14, the same court distinguished *Knapp* on the ground

9.

that the criminal forfeiture statute requiring a forfeiture specification in the charging instrument was no longer effective and that a uniform traffic ticket satisfied the necessary notice requirement.

{¶ 20} We have held that the Chapter 2981 forfeiture statutes must be strictly construed and applied. In *Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, at ¶ 33, we held that R.C. 2981.01 through 2981.14 established mandatory procedures for forfeiture proceedings for certain offenses. Therefore, the authority of the trial court to order forfeiture requires compliance with the procedural requirements of the processes established by the General Assembly. *Id.* at ¶ 52. We found the trial court erred in part by issuing an order to destroy the defendant's weapons without a forfeiture hearing or notice of a potential forfeiture penalty as required by these statutes. *Id.* at ¶ 66.

{¶ 21} While we could distinguish *Brimacombe* because it involved a wholesale disregard for the statutory forfeiture process, we believe the underlying principle still applies to the more limited failures to provide the required published notice and to include an accurate forfeiture specification in the charging instrument.

{¶ 22} Appellant is correct that for the typical criminal prosecution, the prosecutor must comply with certain criminal procedural rules, but need only prove the elements of the crime at trial to obtain a conviction. If the prosecution fails to comply with the criminal rules, the defendant must generally assert his rights were violated. However, the court's jurisdiction to adjudicate the forfeiture of property is special and limited by statute. Therefore, strict compliance with the statutory requirements is necessary to

10.

invoke the subject-matter jurisdiction of the trial court. *See State v. Little,* 12th Dist. Butler No. CA2014-01-020, 2014-Ohio-4756, ¶ 34, fn. 4, and *State v. Cavin*, 12th Dist. Butler No. CA2003-08-197, 2004-Ohio-4978, ¶ 18 (applying former statutory requirements for disposition of seized property). Subject-matter jurisdiction is not presumed and must be clear upon the face of the record. *In re Toney*, 114 Ohio App. 397, 399, 183 N.E.2d 141 (3d Dist.1961). The lack of subject-matter jurisdiction can be raised sua sponte at any stage of the proceeding by the trial judge. *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238, 358 N.E.2d 536 (1976), *overruled on other grounds in Manning v. Ohio State Library Bd.*, 62 Ohio St.3d 24, 29, 577 N.E.2d 650 (1991). A party who opposes the forfeiture does not waive the notice requirement by failing to object. *Little, supra.* The lack of subject-matter jurisdiction renders the judgment void ab initio. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11.

{¶ 23} Although the judgment appears harsh in light of the fact that the trial court found that forfeiture was appropriate, we agree with the trial court that it had no recourse but to deny appellant's prayer for an order of forfeiture. Accordingly, appellant's two assignments of error are found not well-taken.

{¶ 24} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Stephen A. Yarbrough, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.