[Cite as *State v. Pitts*, 2026-Ohio-292.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

      Appellee

v.

Ronald Pitts

      Appellant

Court of Appeals Nos. L-25-00069
L-25-00070

Trial Court Nos. CI0201702218-000,
CI0201700219-000

**DECISION AND JUDGMENT**

Decided:  January 30, 2026

* * * * *

Julia R. Bates, Prosecuting Attorney,
John A. Borell, Assistant Prosecuting Attorney and
Kevin A. Pituch, Assistant Prosecuting Attorney, for appellee.

James R. Willis, for appellant.

* * * * *

**SULEK, J.**

{¶ 1}  In this consolidated civil forfeiture action appellant, Ronald Pitts, appeals

the judgment of the Lucas Court of Common Pleas granting summary judgment to the

State and ordering the forfeiture of $44,291, coins, collector currency, jewelry, and two

vehicles seized during the execution of three search warrants.  Because there is no

genuine issue of fact that the seized items were proceeds or instrumentalities of drug trafficking, the judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} This is the third time this matter is before us. Following the execution of three search warrants, on two separate dates at residences associated with Pitts, the Lucas County Grand Jury returned indictments charging Pitts with multiple counts of drug trafficking and possession, with major drug offender specifications. A jury convicted Pitts of all the counts in the indictments, and the trial court sentenced him to a total of 22 years of imprisonment. On direct appeal, this court rejected Pitts' claims that the affidavit in support of the March 28, 2017 search warrant contained fraudulent statements, that the names of the confidential informants were wrongly withheld, that the State committed *Brady* violations when it failed to inform Pitts that there were no reports or notes created by police involved in the investigation prior to the execution of the search warrant, that probable cause did not support the issuance of the search warrant and that it was unlawfully executed, that the seized items were wrongfully retained, that the convictions were supported by insufficient evidence, and various prosecutorial misconduct claims. *State v. Pitts*, 2020-Ohio-2655 (6th Dist.), *appeal not accepted*, 2020-Ohio-4232.

{¶ 3} During the pendency of the criminal actions, the State commenced civil forfeiture actions under R.C. Chapter 2981 relating to the items seized during the execution of the search warrants. The trial court consolidated the actions, transferred

2.

them to the criminal cases, dismissed the civil forfeiture actions without prejudice, and stayed the matter pending the outcome of the criminal proceedings.

{¶ 4} Following this court's judgment on direct appeal, the trial court granted Pitts' motion to vacate the stay and dismiss the State's civil forfeiture action. In dismissing the action, the court relied on *State v. Thomas*, 2021-Ohio-151 (6th Dist.), where in a footnote this court noted the trial court's previous dismissal of forfeiture proceedings prior to adjudicating the forfeiture complaint within the consolidated proceedings, as a potential issue. On appeal, we reversed the trial court's dismissal, finding that *Thomas* did not apply retroactively and that, regardless, Pitts waived any objection to refiling the forfeiture complaint by failing to timely raise the issue. *State v. Pitts*, 2023-Ohio-2005, ¶ 39, 41 (6th Dist.).

{¶ 5} On remand, the State moved for summary judgment based upon the legal doctrines of res judicata, collateral estoppel, and law of the case. On June 10, 2024, the trial court denied the motion finding that the State failed to demonstrate how the doctrines applied or the absence of an issue of fact. In its judgment entry, the court granted leave to file additional motions for summary judgment.

{¶ 6} The parties then engaged in discovery with the State serving Pitts with requests for admissions, including interrogatories and discovery requests. Pitts failed to respond. The parties also took the depositions of Pitts, Megan Weemes,[1] TPD Officer Justin Pritchard, and TPD Officer Brooke Janowiecki.

---

[1] Weemes, a codefendant in the criminal proceedings was dismissed from the forfeiture action.

3.

{¶ 7} The State moved to have the unanswered admissions deemed admitted, and the trial court granted the motion. Relevantly, the court deemed the following requests for admissions as admitted:

On March 28, 2017 and September 29, 2017, Toledo Police executed search warrants at 2820 Airport Highway, Apartment M, Toledo, Ohio, an address at which Mr. Pitts resided at that time. On March 28, 2017, Toledo Police executed a search warrant at 1828 Dunham Street, Toledo, Ohio, an address at which Mr. Pitts did reside. On September 29, 2017, Toledo Police executed a search warrant at 2820 Airport Highway, Apartment L, Toledo, Ohio, an address at which Mr. Pitts had an interest at that time.

The money seized from 1828 Dunham Street on March 28, 2017 by law enforcement authorities ($18,503.00) is contraband, proceeds, and instrumentalities as those terms are defined in Ohio Revised Code Chapter 2981.

The money seized from 2820 Airport Highway, Apartment M on March 28, 2017 by law enforcement authorities ($7,144.00) is contraband, proceeds, and instrumentalities as those terms are defined in Ohio Revised Code Chapter 2981.

The money seized from 2820 Airport Highway, Apartments L & M on September 29, 2017 by law enforcement authorities ($18,644.00) is contraband, proceeds, and instrumentalities as those terms are defined in Ohio Revised Code Chapter 2981.

The 2006 Chevrolet Trailblazer (VIN: 1GNET13HO62266319), seized on September 29, 2017 by law enforcement authorities, is an instrumentality as that term is defined at R.C. § 2981.01(B)(6) and was used by Defendant Ronald Pitts to facilitate the trafficking of illegal narcotics.

The 2002 Jeep Liberty (VIN: 1J4GK58K32W275965), seized on September 29, 2017 by law enforcement authorities, is an instrumentality as that term is defined at R.C. § 2981.01(B)(6) and was used by Defendant Ronald Pitts to facilitate the trafficking of illegal narcotics.

{¶ 8} Pitts moved to vacate the admissions stating that the requests went unanswered due to his counsel's physical distance from Pitts, counsel's and his

4.

secretary's health concerns, counsel's technology deficits, inclement weather, and counsel's obligations relating to other legal matters. The State opposed the motion noting that despite several reminders, the requests remained unanswered and on the date the court deemed the admissions admitted it had been 144 days since the State's discovery requests.

{¶ 9} On January 24, 2025, the State moved for summary judgment relying on Pitts' admissions, the criminal trial record, and the depositions. Using this evidence, the State detailed how each seized item was either proceeds or instrumentalities of drug trafficking. Pitts opposed the motion claiming that in this court's 2020 decision, we misstated that he requested the return of his property under R.C. 2933.27 and that the trial court's bias towards the detectives in the case evidence failures at both the appellate and trial court level and highlight the courts' indifference. Pitts contended that because the items were unlawfully seized, the forfeiture application was "a dud" as only lawfully seized items can be forfeited. Pitts supported his argument with *State v. Blackshaw*, 1997 WL 284748 (8th Dist. May 29, 1997), where the appellate court noted the trial court's order that a portion of the seized items be returned due to insufficient proof that the items were contraband.

{¶ 10} While the motion was pending, Pitts requested that the judge recuse herself due to prior determinations as the criminal trial judge regarding the veracity of the detectives establishing probable cause for the search warrants. The Supreme Court of Ohio assigned the matter to retired Judge James D. Bates.

5.

{¶ 11} On March 7, 2025, the trial court denied Pitts' motion to vacate the admissions and granted the State's motion for summary judgment finding that no issue of fact remained and that the items seized during the execution of the three search warrants were subject to forfeiture. The court rejected Pitts' arguments relating to whether the items were lawfully seized finding that "[t]he Court of Appeals on direct appeal of the conviction affirmed a search. While the other search was not addressed, the Defendant waived the right to address that search."

{¶ 12} After the trial court denied his motion to reconsider, Pitts commenced this appeal.

## II. Assignments of Error

{¶ 13} Pitts raises four assignments of error for review:

ARGUMENT NO. I: Given the Law Requires a Lawful Seizure, as a Predicate Basis for any Forfeiture, the Onus Here was on the State to Prove Such Occurred; Hence, it Follows That if, as Appears to be the Case Here, the State Lacks Probable Cause to Seize These Items, Then the Failure to Prove the Efficacy of These Seizures is Fatal.

ARGUMENT NO. II: The Judge Here, Because of his Family Relationship With Counsel-Opposite, is Unfit to Preside Over This Case.

ARGUMENT NO. III: Given Detective Janowiecki Confessed she Supplied the "Buy Money" for Drugs, Which Were Purchased but Which She Destroyed (Clearly on her own Authority), our Contention Here is it is Also a Fact, Given the Proof Here of her Confession, That her Seizure Made Therein Cannot be Defended in Law, Logic or Commonsense.

ARGUMENT NO. IV: Given no Reason Exists why the State Should be Exempt From Proving the Seizures Here Were Lawful, it Follows any Failure on Their Part to do so is Fatal to the State's Forfeiture Quest Here.

6.

## III. Analysis

{¶ 14} Pitts' first, third, and fourth assignments of error relate to the trial court's summary judgment award and the evidence supporting forfeiture. They will be jointly addressed.

{¶ 15} An appellate court reviews the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Bliss v. Johns Manville*, 2022-Ohio-4366, ¶ 12. Under Civ.R. 56(C), a trial court shall grant summary judgment only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.

{¶ 16} "A party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact." *King v. Buildtech Ltd. Constr. Dev*., 2023-Ohio-1092, ¶ 23 (6th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, (1988), syllabus. "When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact." *Id*., citing Civ.R. 56 (E). "A 'material' fact is one that would affect the outcome of the suit under the applicable and substantive law." *Id.*, citing *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304 (6th Dist. 1999).

7.

{¶ 17} "Pursuant to R.C. 2981.03, a prosecutor may seek forfeiture of a seized property by either including a forfeiture specification in the charging instrument, R.C. 2981.04, or by filing a civil action, R.C. 2981.05, or both." *Erie Cty. Sheriff's Office v. Lacy*, 2015-Ohio-72, ¶ 8 (6th Dist.), citing *State v. Hagan*, 2014-Ohio-4308, ¶ 13 (11th Dist.).

R.C. 2981.02(A)(1) permits forfeiture of property that is:

(a) Contraband involved in an offense;

(b) Proceeds derived from or acquired through the commission of an offense;

(c) An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:

(i) A felony; . . ..

{¶ 18} In determining whether an alleged instrumentality was used in the commission of an offense, the trier of fact considers:

(a) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;

(b) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;

(c) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense.

R.C. 2981.02(A)(2).

{¶ 19} Pursuant to R.C. 2981.05(D), the trial court shall issue a civil forfeiture order if

8.

the state proves by clear and convincing evidence all of the following:

> (a) That the person received, retained, possessed, or disposed of the proceeds involved;
>
> (b) That the person knew or had reasonable cause to believe that the proceeds were derived from the alleged commission of an offense subject to forfeiture proceedings in violation of section 2927.21 of the Revised Code;
>
> (c) Subject to division (D)(7) of this section, the actual amount of the proceeds received, retained, possessed, or disposed of by the person that exceeds fifteen thousand dollars.

### A. Requests for Admissions

{¶ 20} Pitts first contends that the trial court improperly denied his motion to vacate the order deeming the admissions admitted. Requests for admissions are deemed admitted where they remain unanswered by the deadline set forth in Civ.R. 36(A)(1). *LVNV Funding, L.L.C. v. Takats*, 2015-Ohio-3082, ¶ 12 (6th Dist.). Civ.R. 36(A)(1) provides:

> Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

{¶ 21} As a discovery matter, a trial court's order denying the withdrawal of an admission is reviewed for an abuse of discretion. *B & T Distribs. v. CSK Constr., Inc.*, 2008-Ohio-1855, ¶ 16 (6th Dist.). An abuse of discretion connotes an unreasonable,

9.

arbitrary, or unconscionable act of the court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 22} Here, the State served its first request of interrogatories on August 16, 2024, which went unanswered. Pitts also failed to respond to the State's motion to deem the requests admitted. Reviewing the proceedings below, specifically the length of time the requests went unanswered and the excuses made by Pitts' counsel, we conclude that the trial court did not abuse its discretion by granting the State's motion.

{¶ 23} Pitts additionally claims for the first time on appeal that the admissions deemed admitted and relied upon by the State violated his Fifth Amendment right to silence. We note that Pitts' failure to raise a Fifth Amendment claim waives the argument. *State v. Garcia*, 2020-Ohio-3232, ¶ 19 (12th Dist.), citing *State v. Awan*, 22 Ohio St.3d 120 (1986), paragraph one of the syllabus; *State v. Quarterman*, 2014-Ohio-4034, ¶ 15. Moreover, the forfeiture proceedings at issue were civil, not criminal. "'While the umbrella of Fifth Amendment guarantees is broad, the prohibition against compulsory testimony does not relieve a party from appearing or answering questions in a civil action.'" *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336 (1998), quoting *Tedeschi v. Grover*, 39 Ohio App.3d 109, 111 (10th Dist. 1988). Specifically, the Fifth Amendment protection against compulsory self-incriminating testimony does not extend to prohibit civil litigation while the possibility of criminal prosecution exists. *Id.*, citing *Tedeschi* at 111.

{¶ 24} In the present matter, Pitts' criminal proceedings, including his direct appeal, had concluded at the time of the civil forfeiture proceedings. At that point, any

10.

Fifth Amendment concerns had abated. Based on the foregoing, the trial court did not abuse its discretion in deeming the requests for admission admitted as fact for purposes of the State's summary judgment motion and denying Pitts' motion to vacate.

**B. The Searches, Seizures, and Forfeited Items**

{¶ 25} Pitts next contends that the trial court erroneously granted summary judgment because the forfeiture order was based on an invalid seizure and is unlawful. The State claims that ample evidence supports the court's finding and that the claims are barred by res judicata and/or collateral estoppel.

{¶ 26} The validity of the search warrant and subsequent searches, specifically the information gathered and relied upon by TPD officer Brooke Janowiecki, has been addressed multiple times between this court and the trial court. In our decision on direct appeal, this court rejected arguments that police lied about the events at Pitts' residence on Airport Highway in order to secure the March 28, 2017 search warrant. *Pitts*, 2020-Ohio-2655, at ¶ 27-49 (6th Dist.) (finding that Pitts failed to make a showing that the probable cause affidavit contained a false statement, that the identities of the confidential informants need not be disclosed, that no *Brady* violation occurred where the State informed Pitts of the absence of reports of documents relating to the investigation, and that the March 28, 2017 search warrant was supported by probable cause).

{¶ 27} Likewise, this court's 2023 decision rejected Pitts' contest to the legality of the March 28, 2017 search warrant finding that the "arguments were found not well-taken in our decision regarding the direct appeal and thus are barred by the doctrine of res judicata." *Pitts*, 2023-Ohio-2005, at ¶ 45 (6th Dist.), citing *State v. Davis*, 2022-Ohio-11.

4767, ¶ 19 (6th Dist.). Thus, Pitts' present arguments are barred by res judicata and insufficient to create an issue of fact.

{¶ 28} Even considering Pitts' arguments, they would be rejected. First, the admissions deemed admitted provide ample support for the State's summary judgment award. Further, the underlying criminal proceedings and discovery depositions evidenced the quantity of the drugs seized exceeded that for personal use, the digital scales seized were the type drug traffickers use, the residences and vehicles at issue were almost exclusively accessed by either Pitts or Weemes. In addition, Pitts' explanation for the large sums of money, mostly $20s, was not credible (hair cutting jobs and cashed insurance checks), the coins, collector currency, and jewelry seized by police were items commonly bartered for drugs, and vehicle use is necessary for large-scale drug trafficking. Lastly, a narcotics detection canine alerted to both of Pitts' vehicles.

{¶ 29} Accordingly, Pitts' first, third and fourth assignments of error are not well-taken.

### C. Judicial Bias

{¶ 30} Pitts' second assignment of error contends that the trial court, by granting summary judgment in favor of the State, violated Jud.Cond.R. 2.11 which requires that a judge disqualifies himself or herself where "the judge *knows* that the judge, the judge's spouse or *domestic partner*" …" is "[a] party to the proceeding" or "[a]cting as a lawyer in the proceeding[.]" (Emphasis in original.) The State claimed that disqualification was not required because Lucas County Prosecutor Julia Bates was not involved in the forfeiture action.

12.

{¶ 31} The Ohio Supreme Court has addressed and rejected Pitts' argument holding that that a judge's disqualification is not required "solely because the judge is related to the prosecuting attorney of a large metropolitan area" or "where a government attorney who practices law with the judge's spouse appears before the judge, as long as the judge's spouse is not personally prosecuting the case." *In re the Disqualification of Bates*, 2012-Ohio-6342, ¶ 9, citing *In re Disqualification of Corrigan*, 47 Ohio St.3d 602, 603 (1989); *In re Disqualification of Carr*, 2004-Ohio-7357, ¶ 15, 17.

{¶ 32} In the present matter, there is no evidence that Prosecutor Bates had any direct involvement in the forfeiture action or, as Pitts asserts, would somehow be required to testify in the action as to the alleged crimes committed by the detectives in seeking the search warrants. Accordingly, disqualification was not required and Pitts' second assignment of error is not well-taken.

## IV. Conclusion

{¶ 33} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Pitts is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

13.

Thomas J. Osowik, P.J.

_____        _____
                                                         JUDGE

Christine E. Mayle, J.

_____        _____
                                                         JUDGE

Charles E. Sulek, J.

_____        _____
CONCUR.                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.