**[Cite as *State v. Mitchell*, 2026-Ohio-588.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo          Court of Appeals No. L-25-00216

     Appellee                      Trial Court No. CRB 24 3105

v.

Jesse Mitchell                   **DECISION AND JUDGMENT**

     Appellant                 Decided: February 20, 2026

* * * * *

Rebecca Facey, City of Toledo Prosecuting Attorney, and
Jimmie Jones, Assistant Prosecuting Attorney, for appellee.

Joseph Sobecki, for appellant.

* * * * *

**Zmuda, J.**

{¶ 1} This matter is before the court on appeal from the judgment of the Toledo Municipal Court, granting motions for disposition of property filed in the underlying criminal cases by the Ohio Department of Natural Resources (ODNR). Appellant, Jesse Mitchell, filed a timely appeal asserting the following assignments of error:

    I.     The trial court erred by granting the State's motion for forfeiture because none of the complaints or the bill of particulars contains a forfeiture specification.

II.    There has never been a final and appealable sentencing judgment that would enable Mitchell to file a direct appeal contesting the trial court's unlawful imposition of more than $10,000 in restitution.

{¶ 2} The appellee, State of Ohio, filed a notice of concession of error pursuant to 6th Dist.Loc.App.R. 10(H). The State concedes error in the forfeiture process, noting the current statute requires a procedure not followed in this case. Additionally, the State agrees that the issue of restitution lacks a final judgment and is therefore not ripe for review. Because we agree with the parties that the trial court failed to apply current law in the forfeiture proceedings, we vacate the judgment granting the motions for disposition of property. We find, however, that the trial court entered final judgment in sentencing Mitchell on July 29, 2024, and Mitchell did not appeal his sentence which included restitution. Accordingly, because the issue raised in Mitchell's second assignment of error is not properly before this court, we address this assignment of error first.

{¶ 3} Mitchell was cited for poaching, in violation of R.C. 1531.02, on April 11, 2024 in five cases, CRB-24-03105-0101, CRB-24-03105-0202, CRB-24-03105-0303, CRB-24-03105-0404, and CRB-24-03105-0505. On May 7, 2024, Mitchell appeared in the trial court and entered not guilty pleas in each case.

{¶ 4} Following negotiations, Mitchell entered a no contest plea in case Nos. CRB-24-03105-0303 and CRB-24-03105-0404, and the prosecution dismissed the remaining cases. In the handwritten docket, dated July 29, 2024, the trial court accepted Mitchell's no contest plea, found Mitchell guilty, and sentenced Mitchell to 30 days in CCNO in each case, with all days suspended. In case No. CRB-24-03105-0303, the trial court placed Mitchell on active probation and ordered restitution to ODNR fund 15 in the

2.

amount of $10,175.00, with the balance due on July 29, 2026. In case No. CRB-24-03105-0404, the trial court placed Mitchell on active probation and suspended his fishing license for two years, and ordered no hunting or fishing as a condition of probation.[1]

{¶ 5} Mitchell did not appeal the judgment entered on July 29, 2024. On September 10, 2024, Mitchell filed a motion for postconviction relief in all five cases, including the three cases that had been dismissed. The trial court denied the motions and Mitchell appealed that denial. We affirmed that judgment in *State v. Mitchell,* 2025-Ohio-2712 (6th Dist.), specifically noting the final judgment was "memorialized…in a judgment entry that same day" and Mitchell's failure to file a direct appeal of the judgment. *Id.* at ¶ 6.

{¶ 6} Considering this record, we do not agree with the parties that there is no final judgment of sentence that would have permitted appeal of the trial court's restitution order. Because Mitchell did not perfect a timely appeal of his conviction, we have no jurisdiction to address the merits of his second assignment of error. (Citations omitted) *State v. Johnson,* 2021-Ohio-4447, ¶ 5 ("A party's failure to file a timely notice of appeal deprives an appellate court of jurisdiction to hear the appeal.").

{¶ 7} As to Mitchell's first assignment of error, however, we agree with the parties that the trial court erred in summarily granting the motions for disposition of property

---

[1] The trial court's signature follows the written judgment, and the record demonstrates the judgments were journalized on July 29, 2024. The judgments complied with Crim.R. 32(C), which requires a judgment setting forth the fact of conviction and the sentence, the judge's signature, and the clerk's entry of judgment on the journal.

3.

under R.C. 2933.41 and 2933.43.[2] "Pursuant to R.C. 2981.03, a prosecutor may seek forfeiture of a seized property by either including a forfeiture specification in the charging instrument, R.C. 2981.04, or by filing a civil action, R.C. 2981.05, or both." *State v. Pitts,* 2026-Ohio-292, ¶ 17 (6th Dist.), quoting *Erie Cty. Sheriff's Office v. Lacy,* 2015-Ohio-72, ¶ 8 (6th Dist.) (additional citation omitted.). Here, the parties agree that neither a complaint nor a specification were filed in the proceedings, but instead, ODNR filed an older form, based on prior law that is no longer in effect.

{¶ 8} The form used by ODNR does not comply with the statutory procedure, now in effect under R.C. Chapter 2981.[3] The current forfeiture laws place the burden on the prosecution to demonstrate the property is subject to forfeiture. Pursuant to R.C. 2981.02(A)(1)(c)(ii), property is subject to forfeiture if it is "used in or intended to be used in the commission or facilitation" of a misdemeanor offense, and "forfeiture is specifically authorized by a section of the Revised Code…that creates the offense or sets forth its penalties." R.C. 1531.20 provides for forfeiture proceedings, initiated within 30 days of seizure, regarding property "used in the unlawful taking or transporting of wild animals," and requires notice to the property owner "at least three days before the time fixed for the hearing of the complaint."

{¶ 9} Here, the motions filed by ODNR did not comply with either R.C. 2981.04 or R.C. 2981.05, and the trial court did not proceed under R.C. Chapter 2981 or under

---

[2] These statutes were repealed, effective July 1, 2007.
[3] As the criminal proceedings have concluded through final judgment, moreover, there appears to be no pending criminal complaint to amend with a specification.

4.

R.C. 1531.20. Accordingly, the trial court erred in granting the motions, and we find Mitchell's first assignment of error well-taken.

{¶ 10} Finding substantial justice has not been done, we vacate the judgment of the trial court, granting the motions for disposition of property, and remand to the trial court to address any possible forfeiture claims that remain applicable in the case, pursuant to the relevant forfeiture provisions of the Revised Code. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgement vacated and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, P.J.
_____      _____
                                               JUDGE

Gene A. Zmuda, J.
_____      _____
                                               JUDGE

Myron C. Duhart, J.
_____      _____
CONCUR.                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.